(No. 30075.—

Anton Klajbor, Appellant, *vs.* Helen Klajbor, Appellee.

*Opinion filed Sept. 18, 1947—Rehearing denied November 17, 1947.*

RAPPAPORT, CLORFENE & RAPPAPORT, (ODE L. RANKIN, of counsel,) both of Chicago, for appellant.

EDWARD M. KOZA, (STANLEY WERDELL, of counsel on rehearing,) both of Chicago, for appellee.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

This cause comes to this court by direct appeal from the superior court of Cook County on the ground that a freehold is involved. Anton Klajbor, herein referred to as plaintiff, filed a complaint for divorce from defendant Helen Klajbor on the grounds of extreme and repeated cruelty. She answered the complaint, denying the charge of cruelty and pleaded that plaintiff was addicted to the excessive use of intoxicating liquor. Neither the complaint nor the answer contained any reference to any interest either claimed in the property of the other.

After the complaint was filed, but before defendant had filed her answer thereto, plaintiff filed a petition praying that defendant be restrained from carrying into effect her threat to remove the household effects from the home which had been occupied by them. Defendant answered, claiming that the household property belonged to her and that she had the right to remove the same from the home. A few days thereafter, defendant filed a petition in which she alleged that when she and the plaintiff were married in 1932, plaintiff owned certain real estate located in Chicago which was encumbered with a mortgage lien of about $10,000. It was claimed that plaintiff had defaulted in

meeting certain installments due on the mortgage and that taxes and water rentals were in arrears. She set up that she gave plaintiff $700 to meet these and other obligations and that plaintiff agreed that in consideration of such payment the title to the property was to be transferred so as to create a joint tenancy in them. Plaintiff and defendant joined in a deed conveying the title to a third party and such third party and his wife reconveyed to plaintiff and defendant as joint tenants. According to defendant's petition both deeds were delivered. The property had been registered in the registrar's office under the Torrens system but the deeds were recorded in the recorder's office of Cook County. The theory on which defendant presented her petition was that plaintiff had caused the deeds to be recorded in the wrong office and that such recording had left the way open for plaintiff to defeat and defraud defendant's interest as a joint tenant. The prayer of the petition was that plaintiff be restrained by order of court from selling, transferring or encumbering the real estate; that a receiver be appointed to collect the rents, pay the taxes, mortgage installments and other charges against the property, and that plaintiff be ordered to produce the certificate of title which had been issued out of the registrar's office so that action might be taken to present the deeds to the registrar and have a new certificate issued in the name of the two as joint tenants.

Plaintiff's answer to defendant's petition raised an issue as to what was the real consideration for creating the joint tenancy and a question of fact as to whether the deeds had been delivered. Plaintiff denied that he had received the $700 or any other sum and claimed that the oral agreement was that in consideration of being made a joint tenant defendant was to give him a certain junior mortgage lien which she held on property of a third party. He claimed that she had never delivered the junior mortgage and that the deeds had never been delivered, but that

she had taken the same from his private files and caused them to be recorded in the recorder's office.

After the two petitions and the answers thereto had been filed, an order was entered directing a temporary injunction issue restraining both the plaintiff and defendant from removing the household effects from the home; that plaintiff be enjoined from selling, transferring or clouding the title to the real estate described in the petition. It was ordered that the two petitions and the respective answers be referred to a master in chancery and plaintiff was ordered to deliver to the master the certificate of title issued out of the registrar's office, which certificate was to be held by the master until further order of court.

On the hearing before the master, considerable evidence was taken on the issues raised by the petitions and answers. The master found that the deeds had been delivered and in general adopted defendant's theory of the real estate transaction. The decree from which this appeal was taken overruled plaintiff's exceptions to the report and adopted the master's findings of fact and recommendations. The decree contained a finding that the deed of plaintiff and defendant to the third party and the deed from the third party to plaintiff and defendant as joint tenants and not as tenants in common were duly signed and delivered, and that they were supported by an adequate consideration. It contained a finding that the deeds had been inadvertently filed in the recorder's office by the third party through whom the title passed and that his mistake was caused by the failure of both plaintiff and defendant in not notifying him that the title was registered under the Torrens system. Plaintiff was ordered to record both deeds in the office of the registrar and in the event he failed to do so within a fixed time, the master was directed to cause the same to be recorded at plaintiff's expense. The decree further ordered plaintiff to pay the mortgage installments, taxes and other charges and in the event he

failed to make such payments, a receiver was to be appointed to collect the rents from the property.

After the evidence had been introduced before the master but before his report had been filed, defendant filed a cross complaint consisting of two counts. In the first she asked for a divorce on the grounds of extreme and repeated cruelty and for the payment of alimony. The averments of the second count were in substance the same as pleaded in her petition which had been referred to the master and on which the evidence had been taken. The prayer of the second count of her cross complaint was substantially the same as the prayer of her petition. Defendant filed an answer containing general denials.

The jurisdiction of the superior court was invoked to try the divorce action. The power which a court may exercise in such a case depends on the power granted by the statute and not on its general equity powers. (*Johnson v. Johnson,* 381 Ill. 362; *Smith* v. *Smith,* 334 Ill. 370; *Smith* v. *Johnson,* 321 Ill. 134.) In the absence of statutory grant, a court of equity has no power in divorce proceedings to adjudicate the rights which one party may claim in the property of the other. (*Anderson* v. *Anderson,* 380 Ill. 435.) Section 17 of the Divorce Act (Ill. Rev. Stat. 1945, chap. 40, par. 18,) grants a court the power to adjust equities and determine the rights of one party in the property of the other party but the exercise of the power is restricted to cases where divorce has been granted. The decree in this case undertook to determine the question of the delivery of the deeds and to perfect a title in joint tenancy by ordering the deeds recorded with the registrar of titles. This occurred before a divorce had been granted. The order directing the issuance of a temporary injunction against plaintiff to restrain him from selling or encumbering the title of the real estate was within the power that the court may exercise to keep the property *in statu quo* until such time as a hearing may

be had as to the interests of the parties therein, but the court had no power to finally determine the interest defendant had in plaintiff's property until a divorce had been granted either on plaintiff's complaint or defendant's cross complaint.

For the reasons assigned, the decree is reversed.

*Decree reversed.*