(No. 31381.—

HELEN KLAJBOR, Appellee, *vs.* FRANK KLAJBOR *et al.*— (FRANK KLAJBOR, Appellant.)

*Opinion filed September 21, 1950.*

RYAN & FLOOD, of Chicago, for appellant.

EDWARD M. KOZA, of Chicago, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

Appellee, Helen Klajbor, filed a complaint in the superior court of Cook County seeking a decree which would cause two deeds to be registered under the Torrens system, and title to the premises they conveyed confirmed in her as the surviving joint tenant of her husband, Anton Klajbor, deceased. Named as defendants were Frank B. Klajbor, and Frank Klajbor, the former being Anton's brother and the latter Anton's son by a previous marriage. The brother was defaulted from the action for failure to plead, but the

son, who is the appellant in this court, answered the complaint and attacked the validity of the deeds upon which appellee's action was based. He further filed a counterclaim alleging that he was the owner of the premises, subject only to appellee's dower interest, by virtue of a subsequent deed from Anton. He too prayed that his deed be registered under the Torrens system. Appellee answered the counterclaim and denied that appellant had received a valid deed or that he had any interest in the premises. The cause was heard by a master who found that appellant had failed to prove delivery of the deed to him by the grantor, but, on the contrary, had proved that the delivery was conditional, that the grantor did not intend the deed to take effect until after his death, that the attempted conveyance was therefore ambulatory and revocable until the time of the grantor's death and consequently invalid. He recommended that appellant's counterclaim be dismissed for want of equity and that appellee be granted the relief prayed for in the complaint. The master's report was approved and a decree entered as recommended. Appellant now seeks direct review by this court.

The record discloses that prior to Anton Klajbor's marriage to appellee, in November, 1932, he was a widower with one son, the appellant, and that he owned the real estate here involved, which is located in Chicago and improved with a four-apartment brick building. In March, 1937, Anton and appellee conveyed the property to a third party who immediately deeded it back to them as joint tenants. On March 4, 1940, Anton executed a quitclaim deed conveying all his interest in the premises to his son, the appellant. The record contains nothing as to the circumstances surrounding the execution of this deed. Appellant stated that he first knew of the deed when he received it from one Holleb, an attorney, in March, 1940; that he had no conversation with his father about the deed; that he paid no consideration for the transfer; and that on receipt of

the deed he collected no rents, paid no taxes, or in any way altered his position with respect to the property, but continued to live there with his father and stepmother up to the time of his father's death, except for a period served in the Navy. The original deed was not produced at the trial, appellant stating that he had placed it among his personal papers and that it had been lost. A certified copy introduced in evidence shows that the grantor's acknowledgment was taken by attorney Holleb, and that the deed was recorded on March 12, 1940, and returned to Holleb. This is the extent of the evidence which appellant relies upon to show delivery.

Attorney Holleb was not called as a witness nor was his unavailability shown. When being cross-examined, appellant testified to a conversation he had with his father in 1946, at which time a divorce action was pending between his father and appellee. (*Klajbor* v. *Klajbor*, 398 Ill. 152.) At that time the father purportedly said that when he died he wanted appellant to hold and control his estate, saying: "You have been good to me so I think you are entitled to have something when I die." When opposing counsel further stated to appellant: "In other words he intended to have this property pass to you upon his death," the reply was: "Yes." We also note that although Anton Klajbor owned no other real estate than is here involved, he executed a will in April, 1947, bequeathing all his personal effects and household goods to appellant, and devising the balance of his estate, real and personal, to his brother Frank B. Klajbor in trust, with directions to sell the real estate within one year after the testator's death.

First of all, it is obvious that the three deeds on which the claims of the respective parties are based, were not registered under the Torrens system through inadvertence and lack of knowledge on the part of all parties that the property had been previously registered under that system.

Because of the nature of the claims of the parties here, there is no issue relative to the propriety of the trial court's decree that appellee's deeds be registered. In this court appellant has abandoned his contention that there was no valid delivery of the joint-tenancy deeds, thus we commence with the proposition that appellee and her husband were *bona fide* joint tenants when the latter executed the deed of March 4, 1940, to appellant. The errors assigned here complain of the trial court's finding that the deed to appellant was not valid as against the rights of appellee, the assertion being that the deed of March 4, 1940, destroyed the joint tenancy and installed appellant as a tenant in common with appellee in the property.

A joint tenancy may be severed and the estate destroyed by a conveyance, voluntary or involuntary, of the interest of one of the joint tenants, and, the unity of title and interest being destroyed, the interest severed is changed into a tenancy in common. (*Lawler* v. *Byrne*, 252 Ill. 194; *Spadoni* v. *Frigo*, 307 Ill. 32.) However, it follows that such a deed by one of the joint tenants must be one which is intended to take effect at once if the result is to create a tenancy in common between the grantee and the remaining joint tenant. Appellee contends that the deed executed by her husband to appellant was not intended by the grantor to take effect until his death. If she is correct in this assertion, which we shall consider later, there was no severance of the joint tenancy and the grantor's deed would have no greater effect than if it were a devise of his joint interest by a will. It is elementary that where property is held in joint tenancy the joint tenant first dying has no interest which can be conveyed, the title of the coproprietor by survivorship taking precedence over the claim of a devisee or legatee, heir or administrator, as the case may be. *Eckardt* v. *Osborne*, 338 Ill. 611.

Thus it is that appellee does not, for any purpose, stand in the shoes of appellant's grantor. Her right is wholly

independent of him. It was, to be sure, a right which her joint tenant had the power to destroy by a severance of the joint tenancy, but unless this power was exercised in his lifetime, appellee's right became complete as an incident of their tenancy. The joint tenant who survives does not take the share of the other from him as his successor, but by right under the conveyance which created the joint tenancy in the first instance. The severance, or attempted severance, must take place before the death of the cotenant and before the other, as a consequence, has become the owner of the whole by virtue of the right of survivorship. Any claim appellant has to the premises rests solely on the validity of the deed which he claims severed the joint tenancy. The validity of the deed in turn depends on whether there was a delivery to appellant, and whether the grantor intended the deed to take effect at the time of its delivery or at the time of his death.

Appellant urges that the deed to him was made as a voluntary settlement, which requires no consideration, and that the presumption arises from the grantor having executed and recorded the deed, that it was delivered. It has been held that where a deed is made and recorded by the grantor with the object of effecting a voluntary settlement by the grantor of his real estate upon a grantee who stands in a near family relation and who is laboring under a disability, such as minority or mental incapacity, the presumption will obtain in favor of delivery, even though the deed may remain in the possession of the grantor and the grantee may not be aware that it has been executed and recorded. (*Hill* v. *Kreiger*, 250 Ill. 408; *Wilenou* v. *Handlon*, 207 Ill. 104.) This presumption does not arise, however, in favor of adult grantees who are not laboring under mental disabilities. (*Wilenou* v. *Handlon*, 207 Ill. 104; *Baker* v. *Hall*, 214 Ill. 364.) It is also the rule, however, that the presumption of delivery may be rebutted, and if it appears from the entire case that the grantor did not intend that

the deed should immediately take effect and that the title should vest in the grantee from the date of the execution and recording of the deed, the presumption is rebutted. (*Abrams* v. *Beale,* 224 Ill. 496; *Sullivan* v. *Eddy,* 154 Ill. 199.) Further, it was said in *Weber* v. *Christen,* 121 Ill. 91, and in *Brown* v. *Brown,* 167 Ill. 631, that in the case of an adult grantee, the acknowledging and recording of the deed without his knowledge or consent does not, of itself, amount to a delivery. Other cases of this nature reveal the rule to be that the acceptance of the conveyance by the grantee is as essential as the delivery of the deed by the grantor, and where the acceptance is not proved and the facts do not justify the presumption that the grantee has accepted, the title does not pass. (*Talty* v. *Schoenholz,* 323 Ill. 232; *Moore* v. *Flynn,* 135 Ill. 74; *Brown* v. *Brown,* 167 Ill. 631.) The fact that the grantor remains in possession of the land after a deed is made is considered and commented on in all the decided cases as an important fact in determining whether a deed for land, made to a party out of possession, has been delivered. (*Wilenou* v. *Handlon,* 207 Ill. 104.) Inversely, the grantee's lack of possession of the land and of the deed must also be considered.

There is nothing in the record which indicates that appellant was under any legal disability when the deed of March 4, 1940, was executed. Likewise, there is nothing which affrmatively shows that it was the grantor's intention that the deed to appellant take effect upon its execution. On the other hand, there is much before us which indicates a contrary intent on the part of the grantor. By appellant's own admission, his father remained in possession and control of the property, collected the rents, paid the taxes and otherwise asserted his ownership of the premises. The statements attributed to the grantor in 1946, that he wanted appellant to hold and control his estate at the grantor's death, are not consistent with an intent to make the conveyance of March 4, 1940, immediately effective.

Likewise, the will executed in 1947 is not couched in the terms of a testator who believed that he had relinquished all control over his real estate, which consisted entirely of the property described in the 1940 deed. Attorney Holleb, the one witness who might have materially assisted in determining the grantor's exact intention when he executed the deed, was not called, thus greatly limiting the scope of the record before us. These circumstances, when considered with the evidence which indicates that the appellant did nothing to indicate an acceptance of the conveyance from his father, that he performed no acts of ownership, and that neither the deed nor the property were in his possession, (as was the case in *Union Mutual Life Ins. Co.* v. *Campbell,* 95 Ill. 267,) are, in our opinion, sufficient to rebut any presumption of delivery, and to establish that the grantor intended to confer no present benefit on the grantee. We therefore concur with the trial court that the deed was consequently invalid as against the rights of appellee, the grantor's surviving joint tenant.

Appellant also advances the argument that he should not have been required to testify to remarks made by his father in their 1946 conversations because of the prohibition contained in section 2 of the Evidence Act. (Ill. Rev. Stat. 1947, chap. 51, par. 2,) This argument overlooks that both parties to this action are suing and defending as grantees under their respective deeds, and not adversely to the executor, heirs, legatees, etc. as described in the foregoing section.

The concluding contention of appellant is that appellee is guilty of *laches* and has unalterably changed appellant's position, to his detriment, by waiting until after the death of Anton Klajbor to bring this action. We note that Anton Klajbor died June 9, 1947, and this action was commenced three months later. As pointed out previously, it was not until the death of her joint tenant, that appellee was able to assert the right of survivorship which was created upon

the execution of the joint tenancy deed. The trial court properly held that she was free from *laches*.

The superior court was correct in confirming title to the premises in appellee, and in denying to appellant an interest therein. Its decree will be affirmed.

*Decree affirmed.*

Mr. JUSTICE THOMPSON, dissenting.