Lena Rucker, Helen Ford, Robert I. Dixon, Sr., Robert I. Dixon, Jr., a Minor, and Bryan I. Dixon, a Minor, by Robert I. Dixon, Sr., Next Friend, Plaintiffs-Appellees, v. George Harris, Defendant-Appellant.

Gen. No. 52,101.

First District, Third Division.

January 18, 1968.

Rehearing denied February 16, 1968.

■■■■■■■■■■■

Thomas M. Clarke, of Chicago, for appellant.

Benjamin G. Clanton, of Chicago, for appellees.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiffs are daughters and grandchildren of Archie Weaver. Weaver and his second wife owned their two-story, two-family home in joint tenancy. They executed a joint will which provided for the disposition of their estate in the event of three contingencies: their simultaneous death, the prior death of Weaver and the prior death of his wife. In the first, they left their home and the bulk of their personal property to the daughters; in the second, Weaver devised and bequeathed his estate to his wife to use during her life and upon her death to his daughters; in the third, Mrs. Weaver devised and bequeathed her estate to her husband for life with the remainder, upon his death, to the same beneficiaries.

Archie Weaver died in 1959, predeceasing his wife. Their joint will was admitted to probate. In April, 1960, Mrs. Weaver conveyed the home to the defendant, George Harris. In October, 1960, she also executed a will devising the same property to him. She died in 1964 and her will of October, 1960, was admitted to probate over the objection of her stepdaughters. The stepdaughters appealed and this court (In re Estate of Weaver, 71 Ill App2d 232, 217 NE2d 326 (1966)) held that the joint will was a contract between the Weavers for the disposition of their entire estate and that Mrs. Weaver's second will was void. This court directed that her second will be denied probate and that the joint will be probated instead.

The plaintiffs then filed the present action praying that Harris be compelled to execute a quitclaim deed to the property or that the conveyance to him be cancelled. The chancellor found that under the decision of this court

the joint will vested the real property in the daughters, ordered the conveyance removed as a cloud on their title and enjoined Harris from exercising any act of ownership over the property.

Harris appeals from the decree and contends, first, that it must be determined from the language of the joint will whether or not the property held in joint tenancy was the subject of a contract between Weaver and his wife, and, second, that Weaver, being the first of the joint tenants to die, had no interest which could be devised and the property passed to Mrs. Weaver by operation of law.

■ Harris' first contention was answered in In re Estate of Weaver. In that case, as we have pointed out, this court construed the joint will and determined that it was a contract which could not be revoked by the conflicting provision in Mrs. Weaver's second will concerning their jointly owned real estate. No appeal was taken from that decision and it is therefore conclusive as to the defendant's first contention.

■ In support of his second contention the defendant has cited cases which hold that a joint tenant who predeceases the other joint tenant has no interest in the property which can be devised because at the moment of his death the title passes to the survivor by operation of law. Cf. Klajbor v. Klajbor, 406 Ill 513, 94 NE2d 502 (1950); Eckardt v. Osborne, 338 Ill 611, 170 NE 774 (1930). From this general principle, he argues that Weaver had no interest in the property to devise and that his wife, after his death, had a complete and absolute interest which she was free to do with as she pleased. However, this general principle yields to a more particular rule of law when it is established, as in this case, that there is a contractual agreement which includes the property held in joint tenancy.

210

■■ Where a husband and wife properly execute a joint will which indicates a contractual agreement between them for the disposition of their property after both of their deaths, a life estate in the property is created in the survivor with the remainder interest belonging to the beneficiaries named in the will. Bonczkowski v. Kucharski, 13 Ill2d 443, 150 NE2d 144 (1958). This is true even if the property is held in joint tenancy, providing the will evidences an intention to include such property in the ultimate devolution to the remaindermen. The property held in joint tenancy becomes subject to the agreement and the survivor will not be permitted to dispose of the property by subsequent will or conveyance. Helms v. Darmstatter, 34 Ill2d 295, 215 NE2d 245 (1966); Tontz v. Heath, 20 Ill2d 286, 170 NE2d 153 (1960).

The Weaver's joint will was a contract for the devolution of all their property, real and personal, to the daughters of Archie Weaver. Therefore, Mamie Weaver had only a life interest in the property formerly held in joint tenancy and could convey no greater interest to the defendant.

The judgment of the Circuit Court is affirmed.

Affirmed.

SCHWARTZ and SULLIVAN, JJ., concur.