PATRICIA ERNESTINE JOHNSON, Plaintiff-Appellee, *v.* DAVID JOHNSON, Defendant-Appellant.

(No. 54168; )

First District—November 23, 1970.

John O'C. Fitzgerald, of Chicago, for appellant.

Mitgang & Levine, of Chicago, (John B. Schwartz, of counsel,) for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff filed a complaint for divorce on October 29, 1968. Judge Herbert Friedlund to whom this matter was assigned issued a temporary injunction enjoining the defendant, his attorneys, agents and servants from molesting, harassing, annoying or injuring the plaintiff. A conference was held in the plaintiff's attorney's office where the plaintiff and defendant and their respective attorneys met and reached certain agreements.

The record is silent as to any subsequent activity in this matter until February 3, 1969, when an appearance of the defendant, waiver of service and consent to certain orders and judgment not inconsistent with a written stipulation and agreement were filed. On February 13, 1969, plaintiff filed a petition for permanent injunction, temporary alimony, child support and temporary attorney's fees. On said date, defendant sought a change of venue from Judge Friedlund which was granted.

This matter was then assigned to Judge Alphonse F. Wells, who after a hearing of the petition and defendant's answer thereto ordered defendant to turn over to plaintiff all of her personal belongings within 12 hours, defendant to pay plaintiff's attorney in the sum of $200.00 and defendant was given leave to file his answer and jury demand which the defendant filed on said date.

On May 29, 1969, plaintiff's attorney filed a petition for a rule to show cause why defendant should not be held in contempt for failure to comply with the order of court for temporary attorney's fees and for additional fees. On the same day, defendant filed a motion to dismiss the complaint, to file an answer to the complaint and to vacate and set aside the order allowing plaintiff temporary attorney's fees. On June 5, 1969, the rule to show cause was continued to June 16, 1969, and the defendant's petition to vacate the order allowing temporary attorney's fees was denied. On June 16, 1969, neither the defendant, nor his attorney appeared in court. The trial judge found defendant to be in contempt of court and ordered that a writ of attachment be issued for the defendant. On June 18, 1969, defendant filed a notice of appeal from the orders of February 13, 1969, June 5, 1969 and June 16, 1969.

On Appeal defendant claims that the trial court erred in failing to sustain his motion to strike and dismiss the complaint and having failed to do so, the orders of February 13, June 5, and June 16, 1969 were improper, erroneous and invalid. Defendant further claims that said three orders were also improper because the parties had executed a written stipulation and a property settlement agreement. Defendant also contends that said orders were too vague and uncertain and not specific so as to enable defendant to understand them and be capable of performance. Defendant further claims that the orders of June 5, and June 16, were improper because they failed to set forth fully and certainly to show that any contempt was actually committed and that the record fails to show that a copy of the purported rule to show cause was ever served upon the defendant nor that defendant appeared in court on June 5 when the purported rule to show cause was entered. Defendant finally claims that he demanded a jury and no jury was called for any purpose whatever.

■■ Let us now consider the defendant's arguments raised on appeal. His contention that the complaint was defective is not before us. Although defendant in his motion filed February 13, 1969, sought to dismiss the complaint, he cannot now complain for there was no determination of the legal merits of the complaint by the trial court. This question is not before us.

■■ Defendant complains that the order of February 13, 1969, insofar as it awarded plaintiff temporary attorney's fees was improper because the parties stipulated and agreed in their purported property settlement that each party shall pay its attorney's fees and costs. A written stipulation and a property settlement agreement in a divorce case cannot be enforced when not approved by the court. A determination of property rights can be made after a divorce decree is entered. *Lemon v. Lemon*, 14 Ill.2d 15, 150 N.E.2d 608; *Klajbor v. Klajbor*, 398 Ill. 152, 75 N.E.2d 353.

■■ Defendant's contention that the orders of June 5 and June 16 ordering defendant to show cause were too vague, indefinite and uncertain. Defendant cites *Jones v. Jones*, 82 N.E.2d 823, 825, 336 Ill.App.2d 56. In *Jones* the Appellate Court was unable to determine on which grounds the defendant was held in contempt. On June 16, defendant failed to appear to show cause why he should not be held in contempt for his failure to obey the court order of April 13, 1969, directing him to pay $200.00 for attorney's fees. The defendant and his attorney's failure to appear before the court on June 16, 1969 was the contempt. We agree with plaintiff that the order of June 16, 1969, for attachment of defendant is not an appealable order.

■■■ Defendant filed an abstract of supplemental proceedings and a supplemental brief. In it defendant repeats what he had presented previously and in addition appeals from an order entered by the trial court on July 31, 1969. This order was entered after defendant filed his notice of appeal. We find that the supplemental brief is an appeal improperly taken and an attempt to circumvent the effects of Rule 309 of the Supreme Court of Illinois.

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J., and MURPHY, J., concur.