EMILIA CHRYSTYAN, a/k/a Krystyan, Plaintiff-Appellant and Counter-defendant, v. BARRY A. FEINBERG, Special Adm'r of the Estate of Felix Chrystyan, Deceased, *et al.*, Defendants-Appellees and Counterplaintiffs.

First District (5th Division)   No. 86—1029

Opinion filed June 5, 1987.

Sidney Sherman, of Chicago, for appellant.

Barry A. Feinberg, P.C., of Chicago, for appellee Barry A. Feinberg.

Larry D. Cohen, of Chicago, for other appellees.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by plaintiff-counterdefendant, Emilia Chrystyan, from the trial court's granting of summary judgment for defendants-counterplaintiffs in connection with the alleged severance of a joint tenancy. In September 1980, Emilia's husband, Felix Chrystyan, conveyed title to a four-flat building into a land trust wherein Felix and Emilia held the beneficial interest in joint tenancy, with the Lawndale Trust and Savings Bank as trustee. A provision of the trust agreement stated that the trustee "will deal with said real estate only when authorized to do so *** on the written direction of FELIX CHRYSTYAN and EMILIA CHRYSTYAN." In August 1981, a letter of direction purportedly signed by both Felix and Emilia was given to the successor trustee, Pioneer Bank and Trust Company (Pioneer), directing the trustee to convey the property to Felix. Pioneer issued its trustee deed to Felix, backdated to November 1980. The deed was duly recorded. After Felix died intestate in April 1983, Emilia filed a cause of action to set aside the trustee's deed, and for other relief, on the grounds that her signature on the letter of direction was unauthorized and a forgery. The trial court then appointed a special administrator to defend Felix' estate in this matter. Two of Felix' four children by prior marriages, Adam Krystyan and Irene Balicki, were permitted to intervene as parties defendants.

In October 1985, the trial court granted partial summary judgment to Emilia, finding that her signature was unauthorized and forged and held that the trustee's deed was null and void. Attached to Emilia's motion for summary judgment was an affidavit of a document examiner regarding the forged signature. The court expressly declined to determine who had committed the forgery. In November 1985, Emilia's complaint for damages against the successor trustee was dismissed, all matters having been settled and compromised between them.

Also in October, the special administrator and Adam Krystyan and Irene Balicki filed counterclaims against Emilia, alleging that since Felix expressed his intent to sever by signing his name on the letter of direction, the joint tenancy was severed. In response to the counterclaims, Emilia moved for summary judgment on the ground that a unilateral letter of direction was legally insufficient to sever the joint tenancy. Emilia's motion, which also contained the document examiner's affidavit, further alleged that, based on the document examiner's opinion, Felix forged Emilia's last name on the let-

ter (the first name, "Emilia," was not examined) and moved to dismiss the counterclaims on this basis. Both counterclaimants also moved for summary judgment. In February 1986, the trial court denied Emilia's motion and granted the summary judgment motions of the counterplaintiffs, holding that there was a severance of the joint tenancy because of Felix' clear intent to sever, and, thus, Emilia holds the property as a tenant in common with Felix' estate. Emilia is now appealing the summary judgments in counterplaintiffs' favor.

■■ The basic issue in this case is whether the letter of direction, containing the forged signature of plaintiff, Emilia, was legally sufficient to sever the joint tenancy. We find it was not sufficient for the following reasons.

First and foremost, a land trust is a trust and as such, is still subject to the laws and legal principles generally applicable to trusts. (*Home Federal Savings & Loan Association v. Zarkin* (1982), 89 Ill. 2d 232, 239, 432 N.E.2d 841.) Because a new use is being made of the trust does not mean new principles of law are to be applied in determining relevant rights. (*Schumann-Heink v. Folsom* (1927), 328 Ill. 321, 327, 159 N.E.2d 250.) Thus, whether a severance occurred must be determined by applying principles of trust law to the pertinent facts.

■■ ■ In order to create a joint tenancy, there must be unity of interest, title, time, and possession (*Tindall v. Yeats* (1946), 392 Ill. 502, 507, 64 N.E.2d 903), and a severance means a separation of the interests of the joint tenants (392 Ill. 502, 510, 64 N.E.2d 903). A joint tenancy may be severed by a voluntary or involuntary conveyance of the interest of one of the joint tenants, thus changing the interests into a tenancy in common. However, the conveyance must be a valid one. (*Klajbor v. Klajbor* (1950), 406 Ill. 513, 517-18, 94 N.E.2d 502.) When one joint tenant attempted to sever by executing a deed to the property to a third party, the *Klajbor* court noted that whether severance occurred depended on the validity of the deed, *i.e.*, whether delivery had taken place. (406 Ill. 513, 517-18, 94 N.E.2d 502.) In other words, for a deed to effect a severance, it must be validly delivered as such delivery is essential to render any deed operative and give it force as a conveyance. (*Klouda v. Pechousek* (1953), 414 Ill. 75, 80, 110 N.E.2d 258.) And, although the intention of the parties to a deed will be given effect if doing so is consistent with the law and public policy, the operation of a deed on legal title to real estate is not controlled by the parties' intention, but is governed by law. (*Tindall v. Yeats* (1946), 392 Ill. 502, 507, 64 N.E.2d 903.) Accordingly, it is apparent that for a conveyance to

have effect, it must be validly executed.

■ This same requirement of validity applies to trust agreements. In dealing with land trust property, settlors and beneficiaries are required to adhere to the instrument which they have caused to be created. (*Favata v. Favata* (1979), 74 Ill. App. 3d 979, 984, 394 N.E.2d 443.) In *Favata*, the court held that failure to comply with the terms of the trust agreement (and with recognized principles of land trust law) resulted in the invalidity of a purported amendment to the land trust. In so holding, the court noted that the case "transcends the issue of intent and raises issues at the heart of land-trust law." 74 Ill. App. 3d 979, 986, 394 N.E.2d 443, 449.

■ In the present case, the trust agreement authorized the trustee to deal with the property only "on the written direction of FELIX CHRYSTYAN and EMILIA CHRYSTYAN." The trial court found that plaintiff's (Emilia's) signature on the letter of direction was forged and the record supports this finding. The court entered an order declaring the trustee's deed to be void and later held that severance had occurred as indicated by the clear intent to do so expressed by Felix when he signed the letter of direction. "Void" is defined as "[n]ull; ineffectual; nugatory; having no legal force or binding effect; unable, in law, to support the purpose for which it was intended." (Black's Law Dictionary 1411 (5th ed. 1979).) Therefore, although an intent to sever was shown, the conveyance was void because it did not adhere to the terms of the trust instrument and, thus, was unable in law to effect a severance.

Defendants rely on *Minonk State Bank v. Grassman* (1982), 103 Ill. App. 3d 1106, 432 N.E.2d 386, *aff'd* (1983), 95 Ill. 2d 392, 447 N.E.2d 822, for the proposition that intent is the governing factor in this case. However, unlike the present situation, the *Minonk* court was concerned with the necessity of a "strawman" where one joint tenant unilaterally conveys her interest to herself. The court stated that in such a situation, "[t]he *intent to sever* was the *controlling issue*, although the technical and largely ceremonial aspects of the "strawman" transaction were observed" (emphasis in original) (*Minonk State Bank v. Grassman* (1982), 103 Ill. App. 3d 1106, 1110-11, 432 N.E.2d 386, 390), and concluded that a joint tenant can unilaterally sever by conveying her interest to herself as a tenant in common without the use of an intermediary.

■ Applying this new concept to the present case, in which there is no "strawman" problem, it is clear that intent is not the controlling issue here since a party's intent will be effected only if it is consistent with the law. And, it is a fundamental principle of trust

law that the trust instrument controls. (*Favata v. Favata* (1979), 74 Ill. App. 3d 979, 984, 394 N.E.2d 443.) This basic rule is more than a technical and ceremonial requirement. It is also clear that plaintiff's husband could have unilaterally severed the joint tenancy absent the aforementioned trust requirement. However, where a trust instrument reserves the power to change the trust to both joint settlors of the trust, then both must join in executing an instrument to effectuate the change. (*Williams v. Springfield Marine Bank* (1985), 131 Ill. App. 3d 417, 421, 457 N.E.2d 1122.) To hold that intent controls in the present case would trample a basic tenet of trust law, *i.e.*, the trust instrument delineates the powers assigned thereunder. Severance should not be governed more strictly than the creation of joint tenancies. (*Minonk State Bank v. Grassman* (1982), 103 Ill. App. 3d 1106, 1110, 432 N.E.2d 386.) However, in either event—the creation or severance of a joint tenancy—the act creating or severing must be predicated on a valid conveyance. Since the letter of direction and subsequent deed were void as a matter of law, no valid conveyance took place and no severance occurred, regardless of Felix' intent.

Emilia also contends that the trial court erred in failing to grant her summary judgment motion to dismiss the defendants' counterclaims where the court failed to make a finding as to the forger's identity. Emilia's motion further alleges that the document examiner's opinion expressed in the attached affidavit was uncontradicted and summary judgment should have been granted in her favor as a matter of law. Since the trial court did not address this issue, the cause must be remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LORENZ and PINCHAM, JJ., concur.