**Michael V. JENSEN and Patricia A. Jensen, Plaintiffs–Appellants,**

v.

**RAY KIM FORD, INCORPORATED, Defendant–Appellee.**

**No. 90–1721.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 28, 1990.

Decided Dec. 7, 1990.

Cary R. Rosenthal, Chicago, Ill., for plaintiffs-appellants.

Richard Karr, Elliot B. Pollack, Hardt & Stern, Chicago, Ill., for defendant-appellee.

Before POSNER and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

Michael and Patricia Jensen bought a car from Ray Kim Ford and have brought this suit against Ray Kim Ford for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and for common law fraud. The district court dismissed the Truth in Lending Act claim for failure to state a claim upon which relief could be granted, Fed.R. Civ.P. 12(b)(6), and the common law fraud claim for lack of subject matter jurisdiction. The Jensens appealed.

FACTS

For the purposes of reviewing the granting of a motion to dismiss, we take all the facts alleged in the complaint to be true, and we resolve all inferences in favor of the plaintiff. On February 3, 1989, the Jensens purchased a new 1989 Ford Tempo from Ray Kim Ford. The Jensens signed a Retail Installment Contract which disclosed an Annual Percentage Rate of 15%, a Finance Charge of $7110.06, an Amount Financed of $16,636.14, a Total of [scheduled] Payments of $23,746.20, and a Total Sale Price of $26,546.20 (including a down payment of $2800). Eight hundred dollars of the down payment represented the value of the Jensens' trade-in. The Jensens allege this was only an estimate, with an agreement that they would owe the difference if the trade-in was worth less, and Ray Kim Ford would refund if more. The Jensens do not allege that this contract failed to make any disclosure which 15 U.S.C. § 1631 requires.

After the trade-in turned out to be worth $1388.08, or $588.08 more than the estimate, Ray Kim Ford did not make a refund, but prepared a second Retail Installment Contract. The second contract gave credit for the full value of the trade-in, but added $225 for the service contract, increased the Annual Percentage Rate to 16%, increased the Finance Charge by $360.61, decreased the Amount Financed by $363.40, decreased the Total of [sched-

uled] Payments by $3.00, and increased the Total Sale Price by $585.08. In net substance, the second contract called for future cash payments by the Jensens of about the same amount and gave almost no benefit to them for the increased value of their trade-in. Ray Kim Ford ultimately tendered the $588.08, but only after this action was brought.

The Jensens allege that the second contract was a forgery. Ray Kim Ford sold it to Citicorp. The Jensens made payments to Citicorp until they noticed the five cents difference in monthly payments, asked for a copy of the contract, and realized it was not the contract they had signed.

The Jensens' Truth in Lending theory must be that the second contract represented their credit transaction, and the credit terms were not disclosed to them. The fallacy, as pointed out by the district judge, is that the forged document was a nullity and created no obligation. Their obligation was measured by the first contract, and its credit terms were properly disclosed.

### DISCUSSION

The plaintiffs' complaint clearly alleges wrongdoing by Ray Kim Ford, but wrongdoing alone does not establish a Truth in Lending Act violation. The Truth in Lending Act encourages the informed use of credit by requiring lenders to disclose terms that will allow consumers to compare different offers and enter into contracts intelligently. 15 U.S.C. § 1601. The forgeries, however, did not affect the Jensens' ability to shop intelligently because Ray Kim Ford is bound by the terms of the first contract, and the Jensens never attempted to argue that the first contract contains Truth in Lending Act violations.[1] The Jensens base their claim on the second contract, but this contract is a nullity and does not bind them; "a forged note is by the common law absolutely void, unless it has in some way been ratified by the payor." *Krueger v. Dorr*, 22 Ill.App.2d 513, 161 N.E.2d 433, 439–40 (1959); *see also Chrystyan v. Feinberg*, 156 Ill.App.3d 781, 109

Ill.Dec. 412, 415, 510 N.E.2d 33, 36 (trustee's deed void because signature was forged on letter of direction), *app. den.*, 116 Ill.2d 549, 113 Ill.Dec. 294, 515 N.E.2d 103 (1987); *Mruk v. Chicago Title & Trust Co.*, 328 Ill.App. 402, 66 N.E.2d 478, 481 (1946) (certificate of deposit with forged indorsement cannot confer any power or transfer any right).

The Jensens contend that they may elect to adopt the second contract, and thus put Ray Kim Ford in violation of the Truth in Lending Act because it failed to disclose to them the credit information pertinent to the second contract. The problem remains that the statute requires disclosure by the creditor "to the person who is obligated on ... a consumer credit transaction." 15 U.S.C. § 1631. It reaches the contract in which the plaintiffs were *obligated* (the first one), but does not reach the forged document which created no obligation until later ratification by the plaintiffs. Reprehensible as it would be for a lender to concoct and forge a more onerous substitute and sell it to a credit company in the hope that the consumer would fail to notice the difference, we do not find that the Act prohibits or provides a civil remedy for such conduct.

The judgment of the district court is AFFIRMED.

---

1. Although the failure to disclose that the trade-in value is an estimate may violate the Truth in Lending Act, *see* 12 C.F.R. § 226.17(c)(2), the Jensens have waived this argument.