**Juanita B. FAIRLEY, Plaintiff,**

v.

**TURAN–FOLEY IMPORTS, INC. d/b/a Turan–Foley Mitsubishi, Defendant.**

**Civ. A. No. 1:93–CV–354RR.**

United States District Court, S.D. Mississippi, Southern Division.

Oct. 5, 1994.

Albert H. Pettigrew, Biloxi, MS, for plaintiff.

Henry Laird, Stephen R. Colson, Gulfport, MS, for defendant.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This matter is before the Court on Defendant's Motion to Reconsider and for Summary Judgment or, in the alternative, to Dismiss.

### Background

On July 24, 1992, the Plaintiff, Juanita Fairley, along with her son and brother, visited Turan–Foley Imports, Inc., to shop for an automobile. Fairley decided to purchase a 1992 Eclipse—for which Thomas Matherne, a finance and insurance manager, helped to arrange the necessary paperwork. This arrangement led to Fairley's complaint and allegations against Turan–Foley of violation of the federal Truth-in-Lending Act and of misrepresentation.

In June 1994, the Defendant, Turan–Foley, filed a Motion for Summary Judgment—through which it contended "that the facts as set forth in the Itemization of Facts, the pleadings and the excerpts of depositions . . . demonstrate that there is no genuine issue of material fact or law in this action with regard to the manner in which the retail installment contract was executed." See Defendant's Brief in Support of Motion for Summary Judgment at 10. This Court denied the Motion on September 26, 1994. Turan–Foley followed up with this Motion to Reconsider and challenges this Court's subject-matter jurisdiction.

## Jurisdiction

Jurisdiction is based on 28 U.S.C. secs. 1331 (federal question) and 1367 (supplemental jurisdiction).

## Summary Judgment Standard

Review of a motion for summary judgment requires adherence to the familiar and applicable legal standards which, for brevity's sake, need not be discussed at length here. Suffice it to say that summary judgment is appropriate when the movant can demonstrate that no genuine issue of material fact exists and that he or she is entitled to prevail as a matter of law. In determining whether a genuine issue of material fact exists, this Court will view the evidence in a light most favorable to the non-movant. See generally *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Fed. R.Civ.P. 56.

## Dismissal Standard

The Motion to Dismiss for lack of subject-matter jurisdiction is made under Fed. R.Civ.P. 12(b)(1). This issue is resolved as a matter of law and may be raised at any time during a proceeding. In other words, "timeliness is not an issue." See *Mississippi Band of Choctaw Indians v. State of Mississippi,* No. J90–0386(B), 1991 WL 255614, at *4 (S.D.Miss. Apr. 9, 1991) ((citing *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 278, 97 S.Ct. 568, 571, 50 L.Ed.2d 471 (1977)).

## Discussion

 As noted, the Plaintiff, Juanita B. Fairley, initiated this action under the Truth in Lending Act ("TILA"). See 15 U.S.C. secs. 1601 et seq.; 12 C.F.R. secs. 226.1 et seq. ("Regulation Z"). Congress passed the TILA to enhance "economic stabilization" and to strengthen "competition among the various ... firms engaged in the extension of consumer credit" by requiring "a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. sec. 1601. Regulation Z obliges creditors to make the statutorily mandated disclosures " 'before the transaction is consummated.' " *Davis v. Werne,* 673 F.2d 866, 869 (5th Cir.1982) (quoting 12 C.F.R. sec. 2268(a)). A transaction is considered "consummated at the time a contractual relationship is created between a creditor and a customer ... irrespective of the time of performance of either party.' " *Id.* (quoting 12 C.F.R. sec. 226.2(kk)); see also *Clark v. Troy & Nichols, Inc.,* 864 F.2d 1261, 1264 (5th Cir.1989).

In the case sub judice, Fairley has repeatedly contended that she never signed an installment contract for the purchase of the Eclipse. See, e.g., Deposition of Juanita B. Fairley at 21, 27, 31, 35 & 36 ("I have never signed one. That's what I kept trying to tell them. I don't have a contract."). She explains that she did not sign the contract which provided for an 8.5% interest rate, and that someone forged her signature onto the contract which provided for an 11.75% interest rate. See id. at 21, 27, 31, 35 & 36. Thus, she did not contractually obligate herself—under these or any other facts presented—to purchase the vehicle at an 8.5%, 11.75%, or any interest rate. *Greenlee v. Mitchell,* 607 So.2d 97, 107 (Miss.1992) ("a forged [contract] is absolutely void and ineffectual to pass title").[1] Indeed, Turan–Foley does not dispute this.[2] See Turan–Foley's Brief at 3 ("Since the Plaintiff alleges and admits that she signed no contract for the purchase of the vehicle, it is imminently clear that she is not obligated to pay for it.").

 In sum, Fairley's complaint clearly alleges wrongdoing by the Defendant, but wrongdoing alone does not automatically trigger application of the TILA's provisions. The TILA "encourages the informed use of credit by requiring lenders to disclose terms that will allow consumers to compare different offers and enter into contracts intelli-

---

1. See *Clark v. Troy & Nichols, Inc.,* 864 F.2d 1261, 1264 (5th Cir.1989) (whether consumer is contractually bound is a question of state law) (citing Official Staff Comment, 12 C.F.R. sec. 226.2(a)(13)).

2. Interestingly, Fairley herself notes that she "is not seeking to enforce the terms of the contract." See Fairley's Memorandum at 5.

gently."[3] *Jensen v. Ray Kim Ford, Inc.*, 920 F.2d 3, 4 (7th Cir.1990) (citing 15 U.S.C. sec. 1601). The forgery in this case, however, did not affect Fairley's ability to shop intelligently because she was not bound by the terms of any installment contract prepared by Turan–Foley. Accord *id.* ("Reprehensible as it would be for a lender to concoct and forge a more onerous substitute and sell it to a credit company in the hope that the consumer would fail to notice the difference, we do not find that the [TILA] prohibits or provides a civil remedy for such conduct.").

Having determined that the TILA is inapplicable, Fairley's cause of action for fraud, which is based on state law, remains. Cf. *T.G. Blackwell Chevrolet Co. v. Eshee*, 261 So.2d 481 (Miss.1972) (suit against car dealership for forgery of buyer's name on installment contract). Thus, no basis for this Court to retain jurisdiction exists. See generally *Rush v. Macy's New York, Inc.*, 775 F.2d 1554 (11th Cir.1985); *Mitchell v. First Nat'l Bank of Dozier*, 505 F.Supp. 176 (M.D.Ala.1981); *Todd v. Associated Credit Bureau Servs., Inc.*, 451 F.Supp. 447 (E.D.Pa.1977).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant's Motion to Reconsider be hereby **GRANTED** and this cause is hereby **DISMISSED.**

**SO ORDERED AND ADJUDGED.**

---

**3.** Fairley may have been a victim of a so-called "bait and switch" scheme. See *Clark*, 864 F.2d at 1264. Unfortunately, the TILA "does not provide a cause of action when a lender engages in 'bait and switch' techniques. It ... requires that the lender make certain disclosures with respect to the offered terms." *Id.*