**The TRAVELERS INDEMNITY COMPANY, Judgment Creditor,**

v.

**Joel ENGEL, Judgment Debtor.**

**No. 94 C 2929.**

United States District Court, N.D. Illinois, Eastern Division.

July 26, 1995.

---

Mark Edward Wilson, Harvey R. Herman, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, IL, for plaintiff Travelers Indem. Co.

Barry M. Rosenbloom, Rosenbloom & Rosenbloom, Ltd., Buffalo Grove, IL, for defendant Joel Engel.

## OPINION AND ORDER

NORGLE, District Judge.

Before the court is the motion of The Travelers Indemnity Company ("Travelers") for a turnover order. For the following reasons, the motion is granted.

## FACTS

This is a supplementary proceeding which derives from a suit based on an indemnity agreement executed by Joel Engel ("Engel"). Travelers obtained a judgment against Engel as indemnitor under the agreement in the amount of $84,536.27. Travelers perfected its judgment lien by recording it with the Cook County Recorder of Deeds and now seeks to enforce the judgment by execution on property owned by Engel located at 573 Grove Street, Glencoe, Illinois 60622.

Prior to March 1991, legal title to the property was held by Harris Bank Glencoe–Northbrook N.A. ("Harris"), as land trustee. Engel and his wife Beth Engel owned the beneficial interest in the land trust jointly. On March 4, 1991, Harris executed a trustee's deed purporting to transfer title to Engel and his wife as tenants by the entirety. However, the deed does not identify Joel and Beth Engel as husband and wife.

Travelers contends that because the deed does not identify the Engels as husband and wife, it did not create a tenancy by the

entirety. Therefore, according to Travelers, the property is subject to execution and sale. Engel contends that the deed did create a tenancy by the entirety and, therefore, the property is exempt from execution pursuant to 735 ILCS 5/12–112.[1]

## DISCUSSION

The Illinois Joint Tenancy Act, 765 ILCS 1005/1c, delineates the statutory requirements for a tenancy by the entirety. The statute states:

> Whenever a devise, conveyance, assignment, or other transfer of homestead property maintained or intended for maintenance as a homestead by both husband and wife together during coverture shall be made and the instrument of devise, conveyance, assignment or transfer expressly declares that the devise or conveyance is made to persons, named and *expressly identified in that instrument as husband and wife,* not as joint tenants or tenants in common but as tenants by the entirety, the estate created shall be deemed to be in tenancy by the entirety.

765 ILCS 1005/1c (emphasis added).

The statutory language clearly indicates that, in order to create tenancy by the entirety, the deed must expressly identify the persons receiving the conveyance as husband and wife. The Engels' assertion that they intended to create a tenancy by the entirety is irrelevant. "[A]lthough the intention of the parties to a deed will be given effect if doing so is consistent with the law and public policy, the operation of a deed on legal title to real estate is not controlled by the parties' intention, but is governed by law." *Chrystyan v. Feinberg,* 156 Ill.App.3d 781, 109 Ill.Dec. 412, 414, 510 N.E.2d 33, 35 (1987). Because the statute requires that the deed expressly identify the grantees as husband and wife, and the deed in this case did not, construing the deed to create a tenancy by the entirety would be contrary to law, regardless of the Engels' subjective intent.

Because the deed failed to create a tenancy by the entirety, 735 ILCS 5/12–112 does

---

**1.** 735 ILCS 5/12–112 states that "[a]ny real property held in tenancy by the entirety shall not be liable to be sold upon judgment entered on or

after October 1, 1990 against only one of the tenants."

not preclude Travelers from enforcing its judgment by executing against the property. Accordingly, Travelers' motion for a turnover order is granted.

## CONCLUSION

For the reasons stated above, Travelers' motion for a turnover order is granted.

IT IS SO ORDERED.