## John J. R. Patrick v. James L. Perryman.

1. PRACTICE IN APPELLATE COURT—*Error in Rejecting Evidence*—Where evidence offered is objected to by the adverse party and the objec-tion sustained, in order to assign the rejection of such evidence for error, an exception must be taken to the ruling of the court, and the evidence

Patrick v. Perryman.

offered must be shown by the bill of exceptions so that the Appellate Court can determine the materiality of it.

2. PRACTICE—*Opening a Case for Further Evidence.*—A trial court is not required to open a case after it is closed, for further evidence, without a showing that the evidence will enlighten the court as to the issues, or that the party could not procure the evidence upon the trial of the case.

3. DENTISTRY—*When the Six Months' Limitation Begins to Run.*— The act to regulate the practice of dentistry was approved on May 30, 1881, and went into effect on July 1, 1881. It provided that every person engaged in the practice of dentistry in this State, should cause his name and residence or place of business to be registered with the board of examiners within six months from the date of the passage of the act. *It was held* that the word "passage" refers to July 1st and not to May 30th, the date of its approval, and that the six months' limitation commences to run on July 1st.

4. DENTISTRY—*Compliance with the Law Essential.*—A person not being a registered dentist, under the law regulating the practice of dentistry, is not entitled to collect for his services in the practice of dentistry.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

N. NILES, attorney for appellant.

WILLIAM WINKELMAN and JAMES M. HAY, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Appellant sued appellee before a justice of the peace for $52 alleged to be due him for services as a dentist, and recovered the full amount claimed. On the trial of the case without a jury on appeal in the Circuit Court, a judgment was rendered in favor of appellant for $17, and it was ordered, on motion of appellee for an apportionment of the costs, that each party pay his own costs. Appellant brings the cause to this court and assigns six errors for our consideration.

1. The Circuit Court erred in admitting in evidence a " written unsigned memorandum in the handwriting of a ' young lady,' and in the words ' Paid Dr. Patrick $20 to-day ' " (page 15, line 24). The record shows that such a writing was offered, but does not show that it was admitted in evidence. An exception is certainly unavailing when the court has made no ruling to which the exception can attach.

2. The court erred in refusing to " inspect the books of account of plaintiff, containing all the dealings between the parties herein, before judgment rendered, and after argument of counsel and submission of the cause to the court sitting as a jury. The record shows that the books of account were not offered in evidence, but that some days after the evidence and arguments had been heard and the cause submitted for decision, appellant offered, in open court, to submit his account books to the court for inspection. The refusal of the court to inspect the books is complained of as error, and yet there is nothing in the record to show in what manner the books would have enlightened the court as to the issues, or that appellant could not have offered the books in evidence upon the trial of the case. The court was not required to open the case for further evidence without a showing and no showing whatever was presented.

3. The court erred in " overruling plaintiff's motion for a new trial." Inasmuch as no exceptions were taken to the rulings of the court in admitting or excluding evidence, and no propositions of law were submitted to the court to be held or refused, there is nothing to consider under this head, but the sufficiency or insufficiency of the evidence to support the findings of the court. The evidence upon the trial was conflicting. Appellee claimed that he had made certain payments for which appellant refused to credit him. The result depended chiefly on which of the parties was entitled to credence. We can not say that the court, who saw the witnesses and heard them testify, erred in finding that the payments had been made and that appellee should have credit for them.

4. The court erred in " refusing to allow interest on the

Patrick v. Perryman.

judgment rendered, as for money withheld by an unreasonable and vexatious delay of payment." The evidence shows that appellant demanded $52, and that this was $35 more than he was entitled to. The refusal to pay an excessive amount was neither an unreasonable nor a vexatious delay of payment, and interest was properly disallowed.

5. The court erred in "refusing to allow ten per cent on said judgment as damages, for that the appeal to the Circuit Court from the justice of the peace was prosecuted for the purpose of delay." If the finding of the Circuit Court is correct, the appeal was not prosecuted for delay, but for the purpose of reducing the judgment to a proper amount.

6. The court erred in " so apportioning the costs of suit as to make the plaintiff pay all the costs by him expended in this behalf." Appellant states in his argument that he was required to pay $18.20 and appellee $6.05 of the costs. Assuming this statement to be correct, we find no error in the order of the trial court. The ratio of these amounts is about three to one. The ratio of the judgments is about the same. The judgment of the justice was not wholly affirmed or reversed, but was affirmed in part, and so the Circuit Court was empowered to divide the cost between the parties according to the justice of the case. Hurd's Stat., Chap. 33, Sec. 20. We think that the apportionment was fairly and justly made. This disposes of the assignment of errors on the part of appellant. Appellee, on his part, has assigned the following cross-error: " The Circuit Court erred in rendering judgment in favor of appellant when appellant has not shown that he was registered as a dentist as provided by law." The act to regulate the practice of dentistry was approved on May 30, 1881, and went into effect on July 1, 1881. This act provided that every person engaged in the practice of dentistry in this State should cause his name and residence or place of business to be registered with the board of examiners within six months from the date of the passage of the act; also that those not registered within such period of six months should not be permitted to practice dentistry until

duly examined and regularly licensed. The record shows that appellant caused his name and place of business to be registered on December 26, 1881. If the six months allowed for registration began when the act went into effect, appellant was registered in time. If the six months began when the act was approved, he was not registered in time and can not collect his fees by suit. City of Chicago v. Honey, 10 Bradw. 535. What is the meaning of the language, " Within six months from the date of the passage of this act ?"

The formula used when a statute is passed with the emergency clause is no guide in the interpretation of the above language when used in the body of the enactment. The very object of the emergency clause is to put the statute into immediate operation, and the word *passage* in such case refers, *ex necessitate rei*, to the time of the governor's approval of the law. In cases where such a necessity does not exist, but where, on the contrary, a rational construction of the law demands another definition of the word, such definition should be freely given to carry out the intention of the legislature. The object of the allowance of six months for registration was to give those who were engaged in the practice of dentistry a reasonable period of time after the law should take effect within which to adjust themselves to the new state of things. No dentist was bound to take notice of the law till it became operative, and the period fixed for compliance with the provisions of the law would be supposed to begin at that time. To say that it began when the law was approved would involve the absurdity of saying that the legislature allowed four months and twenty-nine days (from July 1st to November 30th) after the law went into effect, within which to comply with its terms. The first section of the act provided that it should be unlawful for any person who was not engaged in the practice of dentistry in this State *at the time of the passage of the act*, to commence such practice except under the circumstances specified in that section. Can it be supposed that it was the intention of the legislature to give this law a retrospective action—to say to the dentist, you shall not

St. L., A. & T. H. R. R. Co. v. Odum.

practice dentistry, because you did not obtain your diploma more than one month before this law became operative? We think not. The word "passage" in our judgment refers to July 1st, and not to May 30th. Authority for this construction of the act is found in Endlich on the Interpretation of Statutes, Sec. 181, and Harding v. The People, 10 Col. 387. In the Harding case the appellant had been tried and convicted for practicing medicine without a certificate from the State board of medical examiners. In reversing the judgment the Supreme Court say: "Our attention is also called to Sec. 5 of the act, which provides that the State board of medical examiners, within ninety days after the passage of the act, shall receive through its president, application for certificates and examinations. In this connection we are cited to Sec. 19, Art. 5, of the Constitution, which provides that no act shall take effect until ninety days after its passage, unless in case of emergency. In the absence of any emergency clause, in view of this constitutional provision the expression, "after the passage of the act," as used in the law, can have but one meaning, viz., after the act goes into effect. In the construction of statutes, general terms are to receive such reasonable interpretation as leaves the provision of the statute practically operative." We conclude that appellant was registered as a dentist within the time required by law, and that he is entitled to collect such amounts as he may have earned in the practice of dentistry.

The judgment is affirmed.