Argyrios Haralampopoulos, a/k/a Arthur Harris, Plaintiff-Appellant, v. Capital News Agency, Inc., a Corporation, Knight Publishing Corp., a Corporation and Go-Guys, Inc., a Corporation, Defendants-Appellees.

Gen. No. 50,888.

First District, Second Division.

April 19, 1966.

Rehearing denied May 10, 1966.

Edward M. Platt, of Chicago, for appellant.

Sidney Schiller, of Chicago, for appellee, Capital News Agency, Inc.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a judgment entered in favor of defendant, Capital News Agency, Inc., dismissing plain-

tiff's amended complaint. The remaining defendants were never served with summons and are not involved in this appeal.

Plaintiff's complaint alleges in substance the following:

1. That the plaintiff herein, Argyrios Haralampopoulos, also known as Arthur Harris, . . . is owner of the retail business, located at 5558 North Kedzie Avenue in the County of Cook and State of Illinois; that the said business is a liquor store, restaurant, tobacco shop, and also deals in selling magazines and newspapers.

2. That the said plaintiff operated and conducted the said business at said address for many years and during said period of time made large profits from the conduct of said business; that in connection with the operation of said retail liquor business it was necessary to secure a liquor license from and issued by the City of Chicago, a municipal corporation duly authorized by the statutes of the State of Illinois, . . . and that for many years the said business was conducted by virtue of a liquor license issued by the said City of Chicago, at the aforesaid address, up to and including November 29, 1963.

3. That Capital News Agency, Inc., a corporation, one of the defendants herein during all of the times herein mentioned was and is now engaged in the business of distributing magazines to retail merchants.

4. That Knight Publishing Corp., a corporation, one of the defendants herein during all of the times herein mentioned, was engaged in the business of printing and publishing magazines for profit.

5. That Go-Guys Company, Inc., a corporation, one of the defendants herein, during all the times herein

mentioned, was engaged in the business of printing and publishing magazines for profit.

6. That during the year 1963, there was in full force and effect a certain ordinance duly enacted by the City of Chicago, the aforesaid municipality commonly referred to as Chapter 192, Section 9 of the Municipal Code of Chicago, in words and figures as follows:

"It shall be unlawful for any person knowingly to exhibit, sell, print, offer to sell, give away, circulate, [sic] or attempt to distribute any obscene books, [sic] magazine, pamphlet, paper, writing [sic] card, advertisement, circular, print, picture, photograph, motion picture film, play, image, instrument, statue, drawing, or other article which is obscene. Any person violating any provisions of this section shall be fined not less than $20.00 nor more than $200.00 for each offense.

"Obscene for the purpose of this section is defined as follows: Whether to the average person, applying contemporary community standards, the dominant theme of the material as a whole appeals to purient [sic] interests."

and that the plaintiff and the aforesaid retail business was subject to the provisions thereof.

7. That during the year 1963, then and more particularly during the months of April, May, and June of said years, the defendants, Knight Publishing Corp., a corporation and Go-Guys Company, Inc., a corporation, respectively, sold and caused to be delivered certain magazines to Capital News Agency, Inc., a corporation, another defendant herein; and that said magazines were entitled Adam and Go

19

Guys, respectively; that said defendants knew or by the exercise of reasonable care should have known, that Capital News Agency, Inc., would deliver said magazines to retail merchants, in the City of Chicago, Illinois, for sale to the public.

8. That sometime during the months of June and July, 1963, the defendant, Capital News Agency, Inc., a corporation, by and through its duly authorized servants and agents, sold and caused to be delivered to the plaintiff quantities of said magazines for the purpose of resale by the plaintiff to the public, with the knowledge and authority of the remaining defendants.

9. That all of the said magazines, so delivered to the plaintiff, as aforesaid, within the perview [sic] of the aforesaid ordinance were obscene and that said defendants knew or by the exercise of reasonable care should have known that said magazines were thus obscene.

10. That the plaintiff had no knowledge of the fact that said magazines were obscene or that said magazines were classified as being obscene or that said magazines were within the perview [sic] of the aforesaid ordinance of the City of Chicago, Illinois.

11. That sometime during the period of to-wit: June 15, 1963, to July 1, 1963, the plaintiff sold certain of the aforesaid magazines to a person or persons who came upon the aforesaid premises and represented himself or themselves to be patrons of said retail store.

12. That during all of the times herein mentioned, the plaintiff was in the exercise of reasonable care for the protection of his business and for the protection of the aforesaid liquor license.

13. That the Local Liquor Commissioner for the City of Chicago, was . . . empowered by law to revoke any liquor license issued by the City of Chicago, if it was determined that the licensee had violated any Statute of the State of Illinois, or any valid ordinance passed by the City of Chicago, or any regulation established by the local commission which is not inconsistent with law.

14. That Richard J. Daley . . . was the Mayor of said City during the year 1963; that as such Mayor, the said Richard J. Daley is the Liquor Commissioner for the City of Chicago, Illinois, with authority to revoke and suspend licenses issued by the City of Chicago, Illinois . . . that the aforesaid sale of said obscene magazines was brought to the attention of said Liquor Commissioner . . . that hearings were conducted . . . to determine whether or not the liquor license aforesaid, for said premises should be revoked; that at the conclusion of said hearings . . . the aforesaid liquor license was revoked because the licensee sold obscene literature on the said premises, to-wit: a magazine entitled Go Guy and a magazine entitled Adam in violation of the statutes of the State of Illinois and ordinances of the City of Chicago, Illinois.

15. That on or about December 5, 1963, the said order of revocation was appealed by licensee to the License Board Commission of the City of Chicago; and that on January 3, 1964, said order of revocation was duly affirmed by the said License Board Commission of the City of Chicago.

16. That the aforesaid sale or sales of the aforesaid magazines and the delivery thereof, as aforesaid, all of which were made in the City of Chicago, Illinois, by the defendants, with knowledge that said

21

magazines would be resold to the public, by the plaintiff, was the proximated [sic] cause of the revocation. . . .

17. That since November 29, 1963, and up to the time of the filing of the complaint herein, said business has been conducted without being permitted to sell beer and liquor, due to the fact that the said liquor license was revoked as aforesaid, with a large loss of income and profits; that under the ordinances of the City of Chicago, Illinois, the sale of whiskey, beer and other liquors is prohibited unless the person conducting said business has a license, issued by the said City of Chicago; and that up to the present time the said liquor license remains revoked and, although plaintiff has often requested the issuance of a liquor license for said premises, the said City of Chicago, by its duly constituted official refused to issue same to plaintiff and still continues in its refusal.

18. Plaintiff further represents that Capital News Agency, Inc., at the time of contracting to sell the said magazines knew the particular purpose for which the magazines were purchased by plaintiff, namely, for resale to the public and that plaintiff relied on the skill or judgment of defendants to select or furnish suitable magazines and thereby warranted that the said magazines were fit for said purpose in accordance with the Section 2–315 of the Commercial Code of Illinois.

19. Further plaintiff represents that there was implied in the aforesaid sale of said magazines by said Capital News Agency, Inc., a warranty that said magazines were merchantable in accordance with Section 2–314 of the Commercial Code. Notwithstanding this, said magazines so sold to plaintiff as

22

aforesaid were not fit for the purpose of resale to the public nor were said magazines merchantable.

20.  As a further and direct and proximate cause of the acts of the defendants aforesaid, and as a result of the revocation of said license, plaintiff has lost substantial profits, income and earnings from the said business; has lost large and substantial profits, income and earnings from contracts, leases and other dealings with respect to the conduct and operation and sale of the said business; and plaintiff has been greatly injured in his good name, credit and reputation, and has been, and is, otherwise greatly injured, to plaintiff's damage in the sum of $100,000.

Plaintiff's theory of the case is that the amended complaint sets forth a cause of action in tort, or in the alternative in contract, based upon a breach of an implied warranty, and that general and special damages were sustained by reason of the purchase and resale of the magazines in question, to-wit: the loss of his liquor license.

■ Defendant's theory of the case is that the amended complaint does not state a cause of action in tort or contract based on the breach of implied warranty. We agree with defendant.

The Liquor Control Commissioner revoked the liquor license of the plaintiff because he was guilty of selling magazines containing obscene material. The proximate cause of plaintiff's loss of license was the sale of the magazines by him to his customers. The sale by Capital News Agency, Inc., was not the proximate cause of the revocation of plaintiff's retail liquor license. Plaintiff is not entitled to recover damages against Capital because of the revocation of his license for something he did.

■ Furthermore, the complaint admits that the defendants sold to plaintiff certain magazines which were

23

obscene within the purview of the pertinent ordinance of the City. He says that he sold the magazines to the public without knowledge that they were obscene. Plaintiff's liquor license, however, was revoked for a period of one year by the Liquor Control Commissioner and on appeal the order of revocation was affirmed by the License Board Commission. In these decisions the Commissioner and the Board necessarily determined that plaintiff knew or should have known that the magazines which he sold contained obscene material. Plaintiff has not attempted to challenge these decisions in the courts. Under these circumstances it would be contrary to public policy to permit plaintiff to profit by his own wrong by recovering damages from the vendor.

The judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and BURKE, J., concur.