MANUEL TOVAR, Plaintiff-Appellant, *v.* PAXTON COMMUNITY MEMORIAL HOSPITAL, Defendant-Appellee.

(No. 12837;

Fourth District—June 12, 1975.

Rick E. Janov, of Manion, Janov & Edgar, Ltd., of Hoopeston, for appellant.

Bell, Dannehl & Blunk, of Watseka, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff appeals the dismissal of his amended complaint which contained a count for breach of an employment contract and a count alleg-

ing the tort of misrepresentation. The trial court granted a motion to dismiss the complaint as being substantially insufficient in law in an order whose language is sufficiently specific to amount to a final order for purposes of appeal.

Plaintiff's amended complaint alleges he was informed of the defendant hospital's desire to hire a full-time resident physician. He responded in a letter in which he inquired about the position and informed the defendant hospital he was presently employed by the department of mental health for the State of Kansas. He claims this letter fully described the nature and extent of his education, training and licensing as a physician. Plaintiff then personally appeared at the office of the defendant and informed its agents that he was employed in a full-time position and would only be interested in a position of resident physician if it would provide for permanent employment. Plaintiff alleges defendant's agents represented to him that the position would last for plaintiff's natural life or for so long as the defendant hospital required the services of a resident physician, and plaintiff was willing and able to do such work competently. Plaintiff alleges he thoroughly described the nature and extent of his academic background, professional experience, and licensing to defendant's agents during this interview, and that these agents then and there told and assured plaintiff that his professional credentials were satisfactory for the employment.

Plaintiff further claims that as a result of defendant's promise of permanent employment he resigned his position in Kansas and entered into defendant's service as a resident physician on August 1, 1972. However, on or about August 15, 1972, defendant discharged plaintiff. Plaintiff's complaint alleges that the defendant hospital wrongfully breached the employment contract and also misrepresented to plaintiff that his professional credentials were fully satisfactory to the defendant hospital for employment as a resident physician. Plaintiff seeks damages for the period following the termination of his employment.

In response to the defendant hospital's request to admit facts, plaintiff denies that he has never held a license to practice medicine as required under section 2 of the Medical Practice Act (Ill. Rev. Stat. 1973, ch. 91, par. 2), but admits he has never been licensed to practice medicine in Illinois. Plaintiff denied that he had not passed an examination of his qualifications as is required by section 3 of the Medical Practice Act because "plaintiff feels he has passed an examination of his qualifications that Illinois would accept from another state." He admitted he had taken the examination called for in section 3 of the Medical Practice Act and had never passed it in Illinois.

The trial court found plaintiff's amended complaint to be substantially

insufficient at law because he had not complied with sections 2 and 3 of the Act, had not obtained a license pursuant to licensing requirements of that Act, and that it would be against public policy to enforce an employment contract where the plaintiff had not obtained the requisite license. The court found the employment contract to be in violation of public policy, illegal and void.

Section 2 of the Medical Practice Act provides:

> "No person shall practice medicine, or any of its branches, or midwifery, or any system or method of treating human ailments without the use of drugs or medicines and without operative surgery, without a valid, existing license so to do." (Ill. Rev. Stat. 1973, ch. 91, par. 2.)

We are not concerned with the exceptions to the licensing requirement contained in section 2c of the Act as plaintiff's complaint does not bring him within such coverage. At the time of making the contract involved here, as well as now, practice of medicine in this State without a valid license was a criminal offense under section 25 of the Medical Practice Act:

> "Any person who practices medicine in any of its branches, or treats human ailments by any system or method, or practices midwifery, without a valid license under the laws of this State is guilty of a misdemeanor, and upon conviction thereof shall be punished as provided in Section 35.1." Ill. Rev. Stat. 1971, ch. 91, par. 16j.

■■ It has long been the law of Illinois that one who has failed to comply with the licensing provisions of the Medical Practice Act cannot maintain an action for fees or services as a physician or surgeon. (*City of Chicago v. Wood*, 24 Ill.App. 40; *Patrick v. Perryman*, 52 Ill.App. 514; *North Chicago Street Ry. Co. v. Cotton*, 140 Ill. 486, 29 N.E. 899.) The purpose of the statutes establishing a licensing requirement is not to generate revenue, but rather to protect the public by assuring them of adequately trained practitioners. (6A Corbin, Contracts § 1513 (1962).) Any agreement the purpose of which is to induce a breach of one of these licensing statutes is illegal. (6A Corbin, Contracts § 1510 (1962).) A person who practices medicine without obtaining the required license cannot maintain an action for his promised compensation or in *quantum meruit*. (6A Corbin, Contracts § 1513 (1962); Williston, Contracts § 1766 (3d ed. 1972).) While the action on the employment contract involved here is not to recover for services rendered but rather for claimed wrongful termination of the employment contract, the same doctrine applies. The agreement sued upon is unenforceable as contrary to public policy.

■■ In Count II of his amended complaint, plaintiff asked for damages

from the date of termination of his employment as a result of the defendant hospital's alleged misrepresentation that his credentials were satisfactory to them. However, as plaintiff could not be a resident physician for the defendant hospital under the law of this State, public policy will not allow him to sue on the tort of misrepresentation when the alleged misrepresentations concerned the unauthorized practice of medicine. Our courts will not lend their aid to a man who founds his cause of action upon an illegal act. (*Kessinger v. Standard Oil Co.*, 245 Ill.App. 376.) A plaintiff is not permitted to profit by his own wrong by recovering damages. (*Haralampopoulos v. Capital News Agency, Inc.*, 70 Ill.App.2d 17, 217 N.E.2d 366.) This rule applies to a complaint that alleges the same acts amounted to a breach of contract and a tort. (*Haralampopoulos.*) The trial court was correct in dismissing Count II of plaintiff's amended complaint.

The judgment of the circuit court dismissing both counts of plaintiff's amended complaint is affirmed.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.