A. KENT FERGUSON *et al.*, Plaintiffs-Appellants, v. NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)  No. 1—88—2112

Opinion filed March 30, 1990.

Milton Yondorf, of Chicago, for appellants.

Sweeney & Riman, of Chicago (Georgene M. Wilson, of counsel), for appellee Thomas L. Stone.

JUSTICE JOHNSON delivered the opinion of the court:
This is an appeal from an order of the circuit court of Cook County dismissing two counts of a three-count amended complaint filed by plaintiffs, A. Kent Ferguson and Marilyn Ferguson, his wife. The trial court found that counts II and III of plaintiffs' amended complaint failed to state a cause of action for breach of contract pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat.

1983, ch. 110, par. 2—615). Count I directed against New England Mutual Life Insurance Company, also a named defendant, was not dismissed. New England Mutual Life Insurance Company is not a party to this appeal. The following issues are presented for review: (1) whether plaintiffs stated a cause of action against defendant, Thomas L. Stone, M.D.; and (2) whether the trial court erroneously dismissed plaintiffs' declaratory action.

We reverse.

A. Kent Ferguson worked for the Village of St. Charles (hereinafter Village) in 1981 and 1982. The Village provided medical insurance, through New England Mutual Life Insurance Company, for their employees and the families of their employees. While employed by the Village, plaintiffs were covered by New England Mutual Life Insurance Company.

Plaintiffs allege that in 1981 they consulted with defendant Stone and his staff concerning medical problems suffered by Marilyn Ferguson. Marilyn had described her condition as a hernia and obesity. Defendant diagnosed her condition as pancreatic insufficiency, folic acid insufficiency, and multiple food and inhalant allergies.

Plaintiffs allege that, prior to receiving treatment, defendant Stone, through his staff, had assured plaintiffs that the prescribed treatment would be covered by their insurance policy.

During the period of treatment, plaintiffs received a number of invoices from defendant Stone. Plaintiffs paid the invoices but were later reimbursed by the insurer. A second set of invoices was then received by plaintiffs from defendant Stone. Plaintiffs also paid these invoices, but the insurance company refused to reimburse plaintiffs.

In a letter dated January 21, 1981, the insurer, in rejecting plaintiffs' claim for reimbursement, stated that the treatment received was not medically appropriate or customary for the type of illness claimed by plaintiffs. The insurer referred to a clause in its policy which precludes coverage for "services, treatment and supplies which are not reasonably necessary for the care and treatment of the illness and injury."

A third set of invoices was submitted by defendant Stone but plaintiffs refused to pay or to submit the invoices to the insurance company as they felt it would be ineffectual. Instead, plaintiffs and a representative from the Village sent letters to defendant Stone requesting that he send the insurer further information concerning Marilyn's treatment for purposes of reconsideration of the rejected claim. Plaintiffs allege that defendant Stone failed to respond to their requests.

Plaintiffs then filed a complaint against defendant Stone and the insurance company for failing to pay the claim made by plaintiffs. Defendant Stone filed a counterclaim against plaintiffs for libelous statements made in plaintiffs' complaint. Defendant Stone's counterclaim was dismissed by the trial court. This court later affirmed the trial court's decision.

Subsequently, defendant Stone filed a motion to dismiss plaintiffs' complaint. However, before the court ruled on defendant Stone's motion, plaintiffs filed an amended complaint. Defendant Stone then moved to dismiss counts II and III of the amended complaint. The trial court dismissed these counts for failure to state a cause of action for breach of contract. Count I of the amended complaint, which is directed against the insurance company, is still pending. Plaintiffs appeal from that portion of the court order dismissing counts II and III of their amended complaint.

Plaintiffs first contend that the trial court erred in dismissing counts II and III of their amended complaint for failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 2—615.) In *Payne v. Mill Race Inn* (1987), 152 Ill. App. 3d 269, the following principles were set forth in determining the sufficiency of a complaint:

> "Appeal from dismissal of a complaint for *** failure [to state a cause of action] preserves for review only the question of legal sufficiency of the complaint. [Citation.] For purposes of a motion to dismiss, all well-pleaded facts must be taken as true, as well as all reasonable inferences favorable to the nonmoving party which may be drawn from the facts. [Citation.] A motion to dismiss, however, does not admit conclusions of law or conclusions of fact which are not supported by allegations of specific facts which form the basis for such conclusions. [Citation.] In determining whether a complaint states facts or conclusions, the complaint must be considered in its entirety and not in its disconnected parts. [Citation.] In ruling on a motion to dismiss, allegations of the complaint are to be interpreted in the light most favorable to the plaintiff." *Payne*, 152 Ill. App. 3d at 273.

In determining the adequacy of a complaint based upon a breach of contract, the court in *Payne* stated the following:

> "An adequate complaint based upon breach of contract must allege the existence of a contract between plaintiff and defendant, performance by plaintiff of the conditions imposed on him by the contract, breach of the contract by defendant, and the existence of damages as a result of the breach. [Citation.] ***

Allegations of the existence of a contract must contain facts indicating an offer, acceptance, and consideration. [Citation.]" *Payne*, 152 Ill. App. 3d at 273.

■ After reviewing plaintiffs' amended complaint, we find that plaintiffs have alleged sufficient facts to state a cause of action for breach of contract.

Plaintiffs allege that in the autumn of 1981 they consulted with defendant Stone and his staff concerning treatment for Marilyn's medical condition; that during the consultation, there was an express or implied representation or promise by defendant Stone that he could provide treatment which would be medically appropriate and reasonably necessary; that Marilyn underwent this treatment on the condition that the treatment was appropriate and reasonably necessary; that defendant Stone or his staff represented to plaintiffs that the expenses for said treatment would be covered by plaintiffs' insurance policy; that plaintiffs reasonably relied upon the representation that the treatment would be covered under the policy; that Marilyn underwent the prescribed treatment on the condition that it was covered by their insurance policy; and that said treatment was not covered under plaintiffs' insurance policy, as promised by defendant Stone, resulting in plaintiffs becoming liable for the costs of the treatment.

We find that plaintiffs' amended complaint sufficiently states a cause of action for breach of an express contract and for breach of an implied in fact contract. Sufficient facts were alleged for the formation of an express contract when plaintiffs stated that defendant Stone, through his employees, agreed that the treatment would be covered by plaintiffs' insurance policy; plaintiffs performed under the contract when Marilyn underwent defendant Stone's prescribed treatment for her condition; the contract was allegedly breached by the failure of the insurance company to cover the treatment and the subsequent demands by defendant Stone for payment from plaintiffs for the services rendered; and damages were alleged as the result of the breach by defendant Stone.

■ We also find that an implied in fact contract was adequately alleged when plaintiffs stated that defendant Stone did not give treatment that was medically appropriate and reasonably necessary. In *Zostautas v. St. Anthony De Padua Hospital* (1961), 23 Ill. 2d 326, our supreme court stated:

"Actions in contract may be based upon an express promise by the physician *** or may be based upon the implied obligation arising out of defendant's employment as a physician to use proper skill and care [citation], or to furnish proper medical aid.

[Citation.] In such actions liability is predicated on the failure to perform an agreed undertaking rather than upon negligence, and the damages are restricted to the payments made, the expenditure for nurses and medicines, or 'other damages that flow from the breach thereof' ***." (*Zostautas*, 23 Ill. 2d at 329.)

An implied contract, therefore, can be found by the implied obligation by a physician that he will treat the patient with requisite skill and care.

■ In the instant case, plaintiffs allege that because of defendant Stone's representation, express or implied, that he could provide appropriate and reasonably necessary medical care, Marilyn underwent the prescribed treatment. Plaintiffs further allege that the services rendered by defendant Stone were not medically appropriate for her specific medical problem. Whether the services were medically appropriate is a question of fact which cannot be resolved on defendant Stone's motion to dismiss for failure to state a cause of action. (See *Hofner v. Glenn Ingram & Co.* (1985), 140 Ill. App. 3d 874.) We find that plaintiffs sufficiently alleged a cause of action for breach of an implied contract by defendant Stone.

■ Next, plaintiffs argue that they have a right to seek a declaratory judgment as to whether they are obligated to pay defendant Stone. Section 2—701 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—701) provides that a declaratory judgment action is available for the "construction of a *** contract or other written instrument."

Defendant Stone maintains that a declaratory action is not appropriate when there is no contract which could be interpreted by the court. As previously decided, we found sufficient allegations of the formation of a contract between the parties. Defendant Stone's argument is, therefore, without merit with respect to this issue.

For the foregoing reasons, the judgment of the trial court is reversed.

Reversed.

LINN and JIGANTI, JJ., concur.