THE TOWN OF NORTHVILLE *et al.*, Plaintiffs-Appellants, v.
THE VILLAGE OF SHERIDAN, Defendant-Appellee.

Third District   No. 3—95—0086

Opinion filed August 31, 1995.

Edward J. Welch, of Dommermuth, Brestal, Cobine & West, Ltd., of Naperville, for appellants.

Richard Burton, of Hupp, Lanuti, Irion & Martin, P.C., of Ottawa, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiffs, Town of Northville (Northville) and Wilson and Dorothy Masters (the Masters), appeal from the dismissal of their complaint against the defendant, Village of Sheridan (Sheridan). The plaintiffs claimed that Sheridan's exercise of its extraterritorial zoning authority violated their constitutional voting rights and that the

statutory ranking of the zoning power of municipalities versus townships was an unreasonable classification. The trial court dismissed Northville's claims for lack of standing and further held that the Masters' voting rights had not been violated. We affirm.

Sheridan is a municipality incorporated under the laws of the State of Illinois which has chosen to exercise the extraterritorial zoning authority granted to it by section 11—13—1 of the Illinois Municipal Code. (65 ILCS 5/11—13—1 (West 1992).) This authority allows Sheridan to enact a zoning ordinance governing the land within $1^1/2$ miles from the village's borders. (65 ILCS 5/11—13—1 (West 1992).) Sheridan can only exercise this power if the land in question is not located in another municipality or included in another municipality's extraterritorial zoning ordinance and if the county has not enacted a zoning ordinance of its own. 65 ILCS 5/11—13—1 (West 1992).

Northville is a township organized under the laws of the State of Illinois. It is located near Sheridan, with some of the township land falling within the $1^1/2$-mile extraterritorial zoning authority of Sheridan. As a township, Northville may exercise some authority in zoning. (See 60 ILCS 1/110—5 (West 1994).) However, a township may not exercise its zoning authority when the county has adopted a zoning ordinance or when the area is covered by a municipal zoning ordinance. 60 ILCS 1/110—5(b),(c) (West 1994).

The Masters live on land that falls within both the township of Northville and the extraterritorial zoning authority of Sheridan.

In count I of their complaint, Northville and the Masters claimed that the statute allowing Sheridan to exercise extraterritorial zoning violated their voting rights because they are not allowed to vote for the officials who adopt, amend and administer Sheridan's zoning ordinance even though they are affected by the ordinance. In count II, the plaintiffs claimed that the classification of zoning authorities between townships and municipalities was an unreasonable classification.

The instant controversy stems from four motions to dismiss filed by Sheridan. Three of these motions contended that the plaintiffs lacked standing with regard to the claims made in the complaint. The fourth argued that the Masters' voting rights claim was precluded by the Supreme Court opinion in *Holt Civic Club v. City of Tuscaloosa* (1978), 439 U.S. 60, 58 L. Ed. 2d 292, 99 S. Ct. 383. The trial court granted all four motions.

■ The first issue on appeal is whether the trial court properly determined that Northville lacked standing to bring a voting rights claim and that both Northville and the Masters lacked standing to bring a claim challenging the classification of zoning authority between townships and municipalities.

The purpose of the standing requirement is to preclude a person having no interest in a controversy from bringing suit. (*In re Marriage of Rodriguez* (1989), 131 Ill. 2d 273, 545 N.E.2d 731.) In Illinois, a plaintiff has standing if he is able to show some injury in fact to a legally recognized interest. (*Rodriguez*, 131 Ill. 2d 273, 545 N.E.2d 731.) A proponent must assert his own legal rights and interests, rather than basing his claim for relief upon the rights of third parties. *People v. Bond* (1990), 205 Ill. App. 3d 515, 563 N.E.2d 1107.

Initially, we note that Northville cannot claim that its voting rights have been abridged. Northville has no voting rights. Voting is a right enjoyed by individual citizens, not by municipalities or corporations or townships. Thus, it was not error to dismiss Northville's claim that the extraterritorial zoning statute violates the plaintiffs' voting rights.

■ Turning to the plaintiffs' claims that the statute creates an unreasonable classification, we find that the Masters cannot claim that they have any interest in the classification of zoning authorities except an incidental interest arising out of Northville's primary interest. The Masters do not enjoy any zoning authority which is abridged by the legislative scheme; nor will they ever have such authority. The essence of their claim is only that Northville's zoning authority should not be subordinate to Sheridan's zoning authority. Because they seek to assert legal rights and interests not their own, the Masters lack standing on this issue and their claim was properly dismissed.

■ We find that Northville also lacks standing to contest the constitutionality of the statutory ranking of the zoning authority of different units of local government. Generally, a municipality does not have due process or equal protection rights which can be protected by challenging allegedly unconstitutional statutes. (*People ex rel. Taylor v. Camargo Community Consolidated School District No. 158* (1924), 313 Ill. 321, 145 N.E. 154; *Meador v. City of Salem* (1972), 51 Ill. 2d 572, 284 N.E.2d 206.) While we are aware that the Illinois Supreme Court has decided cases involving a municipality's challenge to legislative classifications (see *Supervisors of the County of Boone v. Village of Rainbow Gardens* (1958), 14 Ill. 2d 504, 153 N.E.2d 16; *City of Urbana v. Houser* (1977), 67 Ill. 2d 268, 367 N.E.2d 692; *City of Carbondale v. Van Natta* (1975), 61 Ill. 2d 483, 338 N.E.2d 19), the court did not specifically address the issue of whether the municipality had standing to bring the claim in any of these cases. That issue is squarely presented in the case at bar. Thus, we hold that Northville lacks standing because it does not have any constitutional right which would be protected through its challenge to the legislative classification.

Having determined that three of the four claims presented by the

plaintiffs' complaint were properly dismissed for lack of standing, we turn now to the issue of whether the Masters' voting rights claim was properly dismissed.

In *Holt Civic Club v. City of Tuscaloosa* (1978), 439 U.S. 60, 58 L. Ed. 2d 292, 99 S. Ct. 383, the Supreme Court analyzed the constitutionality of a State law which allowed municipalities to extend police and sanitary regulations, criminal jurisdiction of city courts and licensing of businesses, trades and professions within an area $1^1/2$ miles from the city limits. The statute was challenged by voters living in the $1^1/2$-mile "police jurisdiction" who claimed that they were governed by policies enacted by officials for whom they had had no opportunity to vote. The Court held that no constitutional infraction had occurred. It reasoned that every decision made by a city is likely to affect those living outside the city to some extent, but that effect does not require that those living outside the city be allowed to vote in city elections.

■ We find that the decision in *Holt* controls the outcome of the case before us. Like *Holt*, the case at bar involves the limited extension of some, but not all, core governmental functions outside the geographic limits of the city. In *Holt*, those core functions were police and sanitary regulations, judicial processes and business regulations. In the case at bar, the core function is zoning. Like *Holt*, the plaintiffs are not entitled to vote for the city officials who enact the regulations which affect them.

Moreover, we agree with the rationale behind the *Holt* decision. Many of the actions taken by units of local government affect the residents of the areas surrounding that unit. Certainly the decision to allow a garbage dump, a wastewater treatment facility or a large subdivision to be built at the edge of the city affects those residents who live outside the city limits but near the site of the proposed development. This decision, however, should not entitle those voters who do not live within the city limits to participate in city elections. The same is true with regard to neighboring States. If the State of Indiana decides to build an airport one mile from its boundary with the State of Illinois, there can be no doubt that Illinois residents will be affected by the existence of the airport. That does not translate, however, into allowing Illinois citizens to vote in Indiana elections.

For the foregoing reasons, we adopt the analysis employed in *Holt* and hold that the Masters' voting rights are not violated by Sheridan's extraterritorial zoning authority.

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

STOUDER, P.J., and LYTTON, J., concur.