ZIGGY GROT, Plaintiff-Appellant, v. FIRST BANK OF SCHAUMBURG, Defendant-Appellee.

First District (6th Division)   No. 1—96—3792

Opinion filed September 5, 1997.

Richard D. Grossman, of Chicago, for appellant.

William T. Dwyer, Jr., and Michael Gilman, both of O'Brien, O'Rourke & Hogan, of Chicago, for appellee.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Ziggy Grot (plaintiff) alleges in count II of his complaint that First Bank of Schaumburg (defendant or the bank), as land trustee, breached a fiduciary duty owed to plaintiff by executing a note and mortgage encumbering the trust property pursuant to an allegedly forged letter of direction generated by plaintiff's business partner, Mark Andrzejewski (Andrzejewski).

The trial court entered summary judgment in defendant's favor, finding that, regardless of any breach, plaintiff suffered no damages cognizable at law. Plaintiff appeals, contending that issues of material fact exist that require reversal of the trial court. For the reasons that follow, we affirm.

Plaintiff's complaint alleges that on January 3, 1992, plaintiff and Andrzejewski conveyed real property commonly known as 5153 West Fullerton Avenue in Chicago (Fullerton property) to the bank as trustee under a trust agreement that required the signatures of both to direct the trustee. On May 5, 1995, Andrzejewski delivered a letter to the bank directing the bank to execute a note in the amount of $70,000 and a mortgage securing the note in favor of Gerhard Beinhauer (Beinhauer). The letter of direction bore the signatures of Andrzejewski and plaintiff. Plaintiff, however, maintains that his signature was forged by Andrzejewski. The bank executed the note and mortgage (the Beinhauer loan documents) and the mortgage was thereafter spread of record.

Count I of plaintiff's complaint stated a cause of action against Andrzejewski for fraud. Count II alleged that the bank's execution of the Beinhauer loan documents constituted a breach of its fiduciary duty and sought damages as a result of the breach.

The bank answered that it did not know whether plaintiff's signature was forged and denied that the signature did not match plaintiff's signature on file with the bank. Consequently, the bank denied that it acted negligently or breached any fiduciary duty owed plaintiff.

The deposition testimony established that plaintiff and Andrzejewski began a real estate development partnership in 1991 with their joint purchase of two vacant lots in Chicago. Achieving modest success with their initial venture, the two acquired the Fullerton property for $200,000 shortly thereafter. They financed the acquisition with $80,000 in cash and the remainder through a jointly executed promissory note secured by a mortgage granted by an unrelated financial institution. The partners then executed and delivered a warranty deed conveying title to the Fullerton property to the bank as trustee.

In 1993, they refinanced the note and mortgage with a $150,000 loan. During the next two years, plaintiff and Andrzejewski became involved in several additional projects, including the California Subdivision Project and the Alexandria Subdivision Project. Financial difficulties arising from the California Subdivision Project ultimately caused the need for additional funds.

To address their financial difficulties, plaintiff and Andrzejewski signed an application for a letter of credit, dated May 23, 1994. As security for the letter of credit, plaintiff and Andrzejewski, as president and vice-president of Property International (the name of the entity that developed the property) and individually, along with two newly acquired partners, executed a $140,000 promissory note payable to the bank.

Beinhauer held 100% beneficial interest and power of direction in the land trust that owned the Alexandria subdivision property. Following completion of the Alexandria project, and in an effort to solve the financial problems associated with the California Subdivision Project, Andrzejewski entered into an agreement with Beinhauer to borrow $70,000 of Beinhauer's profits from his sale of two of the Alexandria lots. The loan was to be secured by a promissory note, mortgage and assignment of rents in favor of Beinhauer on the Fullerton property. The bank, as trustee, was directed to execute the note and mortgage by a letter of direction signed by Andrzejewski and which allegedly bore plaintiff's forged signature. It was the act of executing these security documents that plaintiff claims was a breach of the bank's fiduciary duty owed to him as a joint beneficiary under the land trust.

The $70,000 proceeds of the loan were placed in a money market account in Property International's name. To cover their share of the existing $140,000 note, plaintiff and Andrzejewski pledged the money market account to the bank. At some point after the above events, plaintiff claimed that he first learned of the Beinhauer loan documents.

On August 22, 1995, plaintiff, armed with knowledge of the note and mortgage secured by the Fullerton property, executed with Andrzejewski a letter of direction to the bank as trustee conveying the Fullerton property to CIB Bank under trust number 90—5039. Plaintiff and Andrzejewski subsequently agreed that Andrzejewski would release his interest in the Fullerton property in exchange for plaintiff's interest in Property International's stock, thus giving each party all of the interest in the respective property assigned or conveyed to him. In September 1995, plaintiff filed the instant complaint.

Thereafter, plaintiff refinanced the Fullerton property and used some of the proceeds to satisfy the $150,000 mortgage with the bank and to pay the Beinhauer loan. Plaintiff retained the balance of $5,142.

Following the depositions of plaintiff and Andrzejewski, the bank filed its motion for summary judgment, attaching transcripts of the depositions. The trial court granted the bank's motion upon its finding that plaintiff suffered no damages because the Beinhauer loan documents were void to the extent they were based on a forgery.

■ Summary judgment is proper when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005 (West 1994); *Addison v. Whittenberg*, 124 Ill. 2d 287, 294 (1988). An order allowing summary judgment will be reversed on appeal if the reviewing court determines that a genuine issue of material fact exists. *Addison*, 124 Ill. 2d at 294. Our review of a grant of summary judgment is *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

The trial court entered summary judgment for the bank based on its findings that plaintiff's signature was forged and, as a result, the note and mortgage created in favor of Beinhauer were void *ab initio*. Specifically, the trial court ruled:

> "Plaintiff incurred no damage by reason of Trustee's [bank's] acceptance of the alleged forged letter of direction and execution of the Note, Mortgage and Assignment of rents in that any payment to Beinhauer by Plaintiff was unnecessary to remove the lien of the mortgage on the Property because the mortgage was void.
>
> Had Plaintiff incurred expenses to quiet title to the Property by reason of the cloud on title created by the recorded voided mortgage, such damages would have been recoverable upon proof of the forgery, and the Trustee's negligence in failing to detect it."

■ Initially, as to the relationship between beneficiaries and trustees under a land trust, land trusts are to be treated no differently from any other trust. *Home Federal Savings & Loan Ass'n v. Zarkin*, 89 Ill. 2d 232 (1982). Land trustees in Illinois are, therefore, subject to the fiduciary duties imposed by law on all trustees. *Zarkin*, 89 Ill. 2d at 239.

When a trustee breaches a trust agreement, whether wilfully, negligently, or by oversight, he is liable for any loss to the estate resulting from the breach and must place the beneficiaries in the position they would have held had the breach not occurred. *Progressive Land Developers, Inc. v. Exchange National Bank*, 266 Ill. App. 3d

934, 942 (1994). Specifically, a trustee in violation of the trust is chargeable with (1) any loss or depreciation in value of the trust property as a result of the breach; or (2) any profit made by him as a result of the breach; or (3) any profit that would have accrued to the trust had there been no breach. *Progressive*, 266 Ill. App. 3d at 942-43.

The trial court's decision was influenced by the bank's citation and reliance on *Chrystyan v. Feinberg*, 156 Ill. App. 3d 781 (1987). The issue in *Chrystyan* was whether a letter of direction containing the forged signature of the plaintiff was legally sufficient to sever a joint tenancy. *Chrystyan*, 156 Ill. App. 3d at 784. In *Chrystyan*, the trust agreement authorized the trustee to deal with the property only "on the written direction of [both joint tenants]." *Chrystyan*, 156 Ill. App. 3d at 784. The trustee received a letter of direction purportedly signed by both joint tenants directing the trustee to convey the property to the defendant joint tenant individually, thus severing the joint tenancy. The trustee made the instructed conveyance. *Chrystyan*, 156 Ill. App. 3d at 784.

The appellate court found that since the letter of direction contained the forged signature of the plaintiff joint tenant, the trustee's "conveyance was void because it did not adhere to the terms of the trust instrument and thus, was unable in law to effect a severance." *Chrystyan*, 156 Ill. App. 3d at 786. The court defined "void" as " 'null; ineffectual; nugatory; having no legal force or binding effect; unable, in law, to support the purpose for which it was intended.' " *Chrystyan*, 156 Ill. App. 3d at 784, quoting Black's Law Dictionary 1411 (5th ed. 1979); see also *D'Wolf v. Hayden*, 24 Ill. 526 (1860) (a forgery can pass no title, even to an innocent party).

The bank adopts this argument, contending that, since the Beinhauer loan documents bore plaintiff's forged signature, the note and mortgage in favor of Beinhauer were "void." That is, Beinhauer never received a valid mortgage on the Fullerton property. Consequently, the bank argues, "[plaintiff] suffered no damages arising from the Trustee's purported breach of fiduciary duties" and plaintiff is unable to establish a cause of action for which damages are available.

While we agree that summary judgment for the bank was proper, our reasons differ from those of the trial court. *Chrystyan*, however, is easily distinguished from the instant case and must be considered on its narrow facts. That case deals with the original parties, or those taking under them, rather than a *bona fide* purchaser for value without notice of any infirmities. We are reluctant to use the term "void" where the rights of an innocent third party have intervened.

This is particularly the case when we consider that the actual documents (the note and mortgage) are not forgeries and there is no way for the grantee or mortgagee to determine the forgery of documents between the trustee and its beneficiaries. While we need not address the issue directly, as between a *bona fide* purchaser without notice and one who has established a trust that dispenses with the necessity of his signature being acknowledged and spread of record, the equities would seem to be with the *bona fide* purchaser.

■ We review the grant of summary judgment *de novo* and may affirm the decision on any ground in the record, regardless of whether the trial court relied on that ground or whether the court's reasoning was correct. *Pepper Construction Co. v. Transcontinental Insurance Co.*, 285 Ill. App. 3d 573 (1996); *Werckenthein v. Bucher Petrochemical Co.*, 248 Ill. App. 3d 282 (1993). In the present case, plaintiff cannot, as a matter of law, support his claim of damages where plaintiff enjoyed the benefit of the partnership's borrowing and apparently dividing partnership assets with knowledge of the encumbrance.

The undisputed facts show that plaintiff directly benefitted from the Beinhauer loan as the proceeds from the loan were applied to satisfy obligations on the California Subdivision Project for which plaintiff was personally liable. Moreover, plaintiff and Andrzejewski agreed to divide partnership assets, plaintiff retaining the trust property, with knowledge of Beinhauer's mortgage, while Andrzejewski received 100% of Property International's stock.

A party that accepts the benefits of an agreement is estopped from denying its existence or from performing obligations under the agreement. *Wasserman v. Autohaus on Edens, Inc.*, 202 Ill. App. 3d 229, 238-39 (1990); *Cashman v. Shinn*, 109 Ill. App. 3d 1112, 1117 (1982). Additionally, plaintiff's act of accepting the trust property subject to indebtedness operates as a ratification of the Beinhauer loan agreement at least as far as any liability of the bank. See *Old Security Life Insurance Co. v. Continental Illinois National Bank & Trust Co.*, 740 F.2d 1384, 1392 (7th Cir. 1984) (a principal ratifies a contract made by an agent when, with knowledge of all material facts, it either expresses its assent to the contract or fails to disaffirm the contract within a reasonable time and accepts benefits under it); *Peskin v. Deutsch*, 134 Ill. App. 3d 48 (1985).

Most importantly, when a trustee breaches a trust agreement, whether wilfully, negligently, or by oversight, he is liable for any loss to the estate resulting from the breach and must place the beneficiaries in the position they would have held had the breach not occurred. *Progressive Land Developers*, 266 Ill. App. 3d at 942. Here, plaintiff benefitted from the bank's "breach" and ratified the agree-

ment based on the alleged forgery. Moreover, plaintiff's act of acquiring the trust property from Andrzejewski and transferring that property into a new trust account with another lender left the bank without recourse or even jurisdiction over the trust *corpus.*

We express no opinion as to the ramifications of such estoppel in the action against Andrzejewski where the issue of that defendant's fraud, at worst, or unauthorized action, at least, are under consideration.

For these reasons, we agree that the bank is entitled to judgment as a matter of law and, accordingly, affirm the trial court's entry of summary judgment.

Affirmed.

THEIS and QUINN, JJ., concur.