NEIL BROCKETT, a Minor, By His Father and Next Friend, Ronald Brockett, *et al.*, Plaintiffs, v. SHAWN DAVIS, Defendant-Appellee (Gary Childs *et al.*, Intervening Parties-Appellants).

Third District   No. 3—00—0522

Opinion filed September 13, 2001.—Modified on denial of rehearing November 29, 2001.

728

HOLDRIDGE, J., dissenting.

Troy I. Roberts (argued), of Cusack, Fleming, Gilfillan & O'Day, of Peoria, for appellants.

Michael T. Reagan, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of Ottawa, and Harry Rosenberg, Jr. (argued), and Florence M. Schumacher, both of Sudekum, Rosenberg & Cassidy, Chtrd., of Chicago, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

This personal injury action was filed on behalf of Neil Brockett and Brandi Osborn, who were injured in an automobile accident with Shawn Davis. During the litigation, Shawn filed a motion for partial summary judgment, seeking a determination by the trial court that certain bills for chiropractic services received by Neil and Brandi were void as a matter of law. In his motion, Shawn claimed that the doctors who treated Neil and Brandi failed to obtain a certificate of registration for their medical corporation as required by the Medical Corporation Act (805 ILCS 15/1 *et seq.* (West 1998)) and improperly allowed nonlicensed individuals to provide them medical treatment in violation of the Illinois Medical Practice Act of 1987 (Medical Practice Act) (225 ILCS 60/1 *et seq.* (West 2000)). While Shawn's motion was pending, the doctors intervened in the case. After a hearing, the trial court granted Shawn's motion and the doctors appealed.

We reverse and remand. We hold that Shawn lacked the requisite standing to raise the issue of whether the doctors' failure to obtain a certificate of registration, as required by the Medical Corporation Act, rendered their bills void. We also hold that a material issue of fact remains as to whether nonlicensed individuals provided medical treatment to Neil and Brandi in violation of the Medical Practice Act.

## FACTS

On January 24, 1997, Neil and Brandi were injured in an automobile accident with Shawn. As a result of the accident, Neil and Brandi received chiropractic care for their injuries from Drs. Gary and Callen Childs (doctors), East Peoria Chiropractic Clinic (EPCC), and Orthopedic Diagnostic & Rehabilitation (ODR). Thereafter, plaintiffs Ronald Brockett, individually and on behalf of his son Neil, and Brandi Osborn filed two separate personal injury actions against Shawn. The actions were eventually consolidated.

One year later, Shawn filed a motion for partial summary judgment, seeking a determination by the trial court that the bills for chiropractic services provided by EPCC and ODR were void as a matter of law. In his motion, Shawn claimed, *inter alia*, that EPCC's parent company, Gary Childs, D.C., S.C. (parent company), failed to obtain a certificate of registration as required by the Medical Corporation Act (805 ILCS 15/1 *et seq.* (West 1998)), and that the doctors, through the parent company, allowed nonlicensed individuals to provide chiropractic treatment to EPCC's and ODR's patients in violation of the Medical Practice Act. Shawn also claimed that ODR was an illegally created partnership between licensed chiropractors and laypersons and that ODR illegally engaged in fee-splitting and self-referral. Subsequent to the filing of Shawn's motion, the doctors, EPCC, and ODR intervened.

At a deposition, Dr. Gary Childs testified that he is a chiropractic physician licensed in the State of Illinois. Dr. Gary Childs and his son, Dr. Callen Childs, were the sole shareholders of the parent company. Although "S.C." indicates that Gary Childs, D.C., S.C., is a medical corporation, the parent company did not hold a certificate of registration issued by the Illinois Department of Professional Regulation (Department). The parent company was the owner of EPCC, a nonregistered company operated as a subchapter S corporation, which provided chiropractic adjustments and therapies. All chiropractic adjustments provided at EPCC were performed by the doctors, and all chiropractic therapies, such as intersegmental traction and interferential current therapies, were performed by the doctors or Dr. Childs' son Derek and other unlicensed employees under the doctors' direct supervision.

Dr. Childs testified that ODR was created by the doctors and Derek as a general partnership between them to provide hands-on rehabilitation and testing services for EPCC's patients. The majority of services at ODR were provided by Derek under the doctors' direction. Derek owned 20% of ODR, received bonuses from patient revenues when ODR made a profit, and had a vote in all decisions regarding the operation of ODR.

Dr. Callen Childs testified that he is a licensed chiropractic physician in the State of Illinois. Callen stated that all services and corresponding charges for care rendered by the doctors, EPCC, and ORD to Neil and Brandi were reasonable, customary, and necessary. Callen also stated that all chiropractic examinations and manipulations provided to Neil and Brandi were rendered by the doctors, and all physical therapy was performed under the doctors' direct supervision.

Thereafter, the trial court granted Shawn's motion for partial summary judgment on the basis that the bills for chiropractic services were void as a matter of law. In so doing, the court determined that EPCC was not registered, that EPCC was the 100% referrer to ODR, and that there were no factual issues regarding the ownership of ODR and the participation of its unlicensed employees. The doctors appealed.

## ANALYSIS

■ The sole issue on appeal is whether the trial court erred when it granted Shawn's motion for partial summary judgment. This court reviews a lower court's grant of summary judgment *de novo*. *Grot v. First Bank of Schaumburg*, 292 Ill. App. 3d 88, 684 N.E.2d 1016 (1997).

The doctors first contend that the trial court erred when it determined that the medical bills were void because of the parent company's failure to obtain a certificate of registration as required by the Medical Corporation Act (805 ILCS 15/1 *et seq.* (West 1998)). Although the doctors ultimately address the merits of the trial court's conclusion in detail, they argue initially that Shawn lacks standing to petition the court for relief. We agree with the doctors that Shawn lacks the requisite standing.

■ The purpose of the standing requirement is to preclude a person having no interest in a controversy from bringing suit. *Town of Northville v. Village of Sheridan*, 274 Ill. App. 3d 784, 655 N.E.2d 22 (1995). In order for a party to have standing, the party must suffer some injury in fact to a legally cognizable interest and must have sustained, or be in immediate danger of sustaining, a direct injury as a result of the complained-of conduct. *Nolan v. Hillard*, 309 Ill. App. 3d 129, 722 N.E.2d 736 (1999). That a party may suffer in some abstract way will

not suffice; there must be a direct injury to his property or rights. *Jenner v. Wissore*, 164 Ill. App. 3d 259, 517 N.E.2d 1220 (1988).

■ We do not find any published decisions in Illinois involving the exact scenario presented in this case. It is clear, however, that Neil and Brandi received medical services from Drs. Child and their clinic. A contractual relationship existed between Neil and Brandi and their medical providers for which they now seek reimbursement. See *Ferguson v. New England Mutual Life Insurance Co.*, 196 Ill. App. 3d 766, 554 N.E.2d 1013 (1990) (determining that a contract is found by the implied obligation of a physician to his patient). Shawn is not a party to this contract. We believe that any alleged illegalities may not be addressed by third parties such as Shawn. See *Town of Northville*, 274 Ill. App. 3d at 786, 655 N.E.2d at 24 (determining that a party must assert his own legal rights and interests, rather than basing his claim for relief upon the rights of third parties). Although Shawn would ultimately benefit from a finding that the bills are void, there is no evidence that he has suffered a direct injury from the doctors' failure to obtain a certificate of registration. Accordingly, we hold that Shawn does not have the appropriate standing to raise the issue of whether the bills for chiropractic services are void for lack of the certificate of registration required by the Medical Corporation Act, and we reverse.

In reaching our decision, we note that Shawn cites *Tovar v. Paxton Community Memorial Hospital*, 29 Ill. App. 3d 218, 330 N.E.2d 247 (1975), in support of his contention that he has standing to raise this issue because EPCC and ODR were operated illegally and their bills were "uncollectible and unreasonable as a matter of law." In *Tovar*, the court determined that the purpose of a licensing requirement is to protect the public by assuring it of adequately trained 'practitioners and that a person who practices medicine without obtaining a license as required by the Medical Practice Act could not maintain an action for fees. *Tovar*, 29 Ill. App. 3d at 220, 330 N.E.2d at 249. Notwithstanding Shawn's contention, we determine that *Tovar* is inapplicable to this case because, unlike the licensing requirement for a doctor under the Medical Practice Act, the certificate of registration required by the Medical Corporation Act does not appear to be designed to protect the public by assuring it of adequately trained physicians. See *Rush-Presbyterian-St. Luke's Medical Center v. Hellenic Republic*, 980 F.2d 449 (7th Cir. 1992) (determining that a hospital which failed to obtain a "certificate of need" from a state board in order to perform kidney transplants was not barred from collecting its bills for services because the statutory violation was not a serious affront to public policy or a serious injury to the public welfare that would justify a refusal to enforce the contract).

Despite our determination that Shawn lacks the requisite standing to raise the issue of whether the bills for services were void because the medical company's failure to obtain the certificate of registration required by the Medical Corporation Act, Shawn is entitled to present evidence of whether the bills for chiropractic services were reasonable and necessary. See *Peterson v. Lou Bachrodt Chevrolet Co.*, 76 Ill. 2d 353, 392 N.E.2d 1 (1979) (determining that a personal injury plaintiff is not entitled to recover for the value of services that he has obtained without expense, obligation, or liability). As such, this court must consider the doctors' second contention that the trial court erred when it determined that EPCC's and ODR's bills were void because nonlicensed individuals were providing medical treatment to Neil and Brandi in violation of the Medical Practice Act.

■ Section 3 of the Medical Practice Act (225 ILCS 60/3 (West 1998)) provides that "[n]o person shall practice medicine, or any of its branches, or treat human ailments without the use of drugs and without operative surgery, without a valid, existing license to do so."

■ Based on our review of the record, we believe there is a genuine issue of material fact as to whether the services provided by Derek and other unlicensed employees violated the Medical Practice Act. The doctors claim that all of the chiropractic examinations and manipulations given to Neil and Brandi were rendered by them and that the physical therapy performed by Derek and the others was under the doctors' direct and constant supervision. The doctors also claim that no investigation was ever conducted by the Department into whether employees of EPCC or ODR were conducting inappropriate activities. Shawn claims the chiropractic therapies and testing performed by Derek and the others should have been performed by licensed and trained individuals. Because a factual issue exists regarding whether laypersons were unlawfully practicing medicine in violation of the Medical Practice Act, we hold that the trial court erred when it granted Shawn's motion for partial summary judgment. See *American National Bank v. Powell*, 293 Ill. App. 3d 1033, 691 N.E.2d 1162 (1997) (determining that summary judgment should be denied if a disputed material fact exists).

For the foregoing reasons, the judgment of the circuit court of Tazewell County is reversed, and this cause is remanded to the trial court for further proceedings consistent with this order.

Reversed and remanded.

HOMER, P.J., concurs.

JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent. I would affirm the trial court. The majority's finding that Davis lacked standing to challenge the validity of the bills issued by Dr. Childs and ODR ignores the fact that, in the underlying lawsuit, the plaintiffs sought to hold Davis liable for those bills. Clearly, Davis was in immediate danger of sustaining a direct injury (*i.e.*, liability for payment of certain bills), and potential injury to his property rights was far more than abstract. I would find that Davis had standing to challenge the validity of the bills that plaintiffs sought to require him to pay.

Likewise, on the merits, I would affirm the trial court. An unlicensed entity cannot collect for services it rendered that would require a license. *Tovar v. Paxton Community Memorial Hospital*, 29 Ill. App. 3d 218, 220 (1975). Likewise, where the licensing requirements are promulgated for the protection of the public, our courts have held that contracts violating statutes governing the licensing of professionals injure the public welfare and therefore cannot be enforced under any theory, including *quantum meruit*. See *Ransburg v. Haase*, 224 Ill. App. 3d 681, 684-85 (1992). As there was no factual dispute over the appellants' failure to comply with the licensing provisions of the Medical Corporation Act (805 ILCS 15/5 *et seq.* (West 1998)), I would find that the trial court was correct in granting defendant's motion for summary judgment.